WILLIAM I. BROWN v. MATT JENSEN.[1]

May 2, 1902.

Nos. 13,088—(189).

### Official Ballot—Party Designation of Candidate.

The provisions of Laws 1901, c. 312 (an act relating to the names of political parties on the official ballot), applied to the admitted facts, and an order directed to the clerk of the city of St. Paul to show cause why he should not place the name and party designation of a candidate of the Socialist party upon the official ballot discharged, on the ground that the name "Socialist" is a part of the name of a previously existing political party.

[1] Reported in 90 N. W. 155.

On the petition of William I. Brown for a writ of mandamus to be directed to Matt Jensen, clerk of the city of St. Paul, the supreme court ordered the latter to show cause why the writ should not issue. The facts are stated in the opinion. Order to show cause discharged.

*F. A. Pike* and *G. B. Leonard*, for petitioner.

*James E. Markham, Franklin H. Griggs* and *Robert E. Olds*, for respondent.

COLLINS, J.

Order directed to and served upon the clerk of the city of St. Paul, directing and requiring him to show cause why he should not correct and amend the official ballot for the coming city election by inserting therein the name of Frank D. Freeman as a candidate for mayor of the city, and adding to such name the word "Socialist" for the purpose of designating the party which he represents as a candidate. This order is based upon a nominating petition filed April 26, 1902.

To this order the clerk answered, raising several questions as to the right of the petitioner to have the name placed upon the ballot. Of these objections, there is but one which need be considered. It stands admitted by the pleadings that for several years there has existed in the state of Minnesota, in the county of Ramsey, and in the city of St. Paul, a political party known as the "Socialist Labor," which had adopted that as a party name, and which has had a duly nominated candidate for the office of mayor of the city at each and every election since and including that of 1896, and, further, that at every state election since that time said party has had a candidate for the office of governor of the state; that this party polled less than ten per cent. of the votes cast at the last city election, and less than ten per cent. of the votes cast in the city at the last general state election, to wit, the one held in November, 1900; that at elections previously held it had polled more than one per cent., though less than ten per cent., of the votes cast. It also stands admitted that on February 7, 1902, there was filed in the office of the clerk a certificate of nomination whereby the requisite number of duly qualified electors united in

nominating by petition one Anderson as the candidate of the Socialist Labor party for the office of mayor of the city, and demanding that his name be placed upon the ballot to be voted upon, as a candidate for the office.

It is alleged in the answer, and stands uncontradicted, that there has never been in said city a political party known or designated as the "Socialist Party," nor has there been a candidate upon any of the official ballots used in any of the city elections held within the past six years who represented any such party. With these facts the provisions of Laws 1901, c. 312, seem completely to cover this case. Section 1 provides "that a political party which has heretofore or shall hereafter adopt a party name shall alone be entitled to the use of such name for the designation of its candidates on the official ballot, and no candidate nor party subsequently formed shall be entitled to use or have printed on the official ballot as a party designation, any part of the name of a previously existing political party." The title or name "Socialist Labor" was adopted as a party designation years ago in the city of St. Paul, and that party has a candidate for mayor, whose name is now on the official ballot, with his party name or designation appended. Through this proceeding the attempt is made to appropriate for the candidate of another subsequently formed alleged party a part of this name or designation. This appropriation the statute prohibits.

On the admitted facts, the order to show cause must be, and hereby is, discharged.