BIRCHAM F. MORLEDGE v. GEORGE T. REDINGTON and Others.[1]

April 29, 1904.

No. 13,999.

**Socialist Party.**

> *Held,* following Davidson v. Hanson, 87 Minn. 211, and construing Laws 1903, p. 337, c. 232, that the political party calling itself the "Socialist Party" is not entitled to use the word "Socialist" as a party designation on the official ballot for the ensuing general election of the city of St. Paul.

On the petition of Bircham F. Morledge for a writ of mandamus directed to George T. Redington as clerk of the city of St. Paul, commanding him to modify the official ballot in specified particulars, the

[1] Reported in 99 N. W. 355.

supreme court ordered the latter and certain interested candidates to show cause why the writ should not issue. Order discharged.

*Hazen M. Parker* and *H. F. Woodard,* for petitioner.

*J. C. Michael* and *J. T. Avery,* for respondents.

PER CURIAM.

The respondent herein, the city clerk of the city of St. Paul, received in due time a petition, regular in form, and signed and verified by the required number of qualified electors of the city, which purported to nominate Hans Carstensen as a candidate for mayor of the city, and Matthew J. Cikanek as a candidate for assemblyman of the city, under the party name and designation of "Socialist Labor," to be voted for at the next general city election. The clerk also received three other petitions, regular in form, and signed and verified by the required number of electors of the city, which purported to nominate C. H. Stratton as a candidate for mayor, and J. Edward Carlson and Fred Miller as candidates, respectively, for assemblymen of the city, under the party name and designation of "Socialists," to be voted for at such election. The clerk, acting upon the advice of the legal department of the city, placed on the sample official ballot the names of the candidates of the Socialist Labor Party with the party designation of "Socialist Labor" after their respective names. He also placed on such ballot the names of the candidates of the party calling itself the "Socialist Party," but without any party designation following their names. Thereupon this court, upon application therefor, made its order directing the city clerk to omit from the official ballot the party designation "Socialist Labor" after the names of the candidates of the party so designated, and to place the designation "Socialist" after the names of the candidates of the Socialist Party, or to show cause why he had not done so. The clerk made return to the order and the matter was heard upon the petition for the order and the return.

There is no substantial dispute as to the here material facts, and, except as hereafter stated, reference is made for a statement of such facts to the decisions of this court in the cases of Brown v. Jensen, 86 Minn. 138, 90 N. W. 155, and Davidson v. Hanson, 87 Minn. 211, 91 N. W. 1124, 92 N. W. 93. In the first case it was held that the Socialist Labor Party was entitled to the exclusive use of the word "Socialist"

as a party designation on the official ballot at the general city election for the year 1902. And in the second case it was decided that the party calling itself the "Socialist Party" was not entitled to use the word "Socialist" as a party designation on the official ballot, but that the Socialist Labor Party was entitled to the exclusive use of the word "Socialist" as a party designation. But there appeared upon the official ballot at the general state election of 1902 the names of candidates of the party calling itself the "Socialist Party" for lieutenant governor, secretary of state, and state auditor, respectively, after whose names was placed the word "Socialist" as a party designation.

How this occurred, in view of the decision of this court in the case of Davidson v. Hanson, does not appear; but presumably it arose from the fact that the order in the case referred to related only to the candidate for governor, and, no objection being made by any one to the use of the word "Socialist" as it appeared on the sample ballot after the names of the other candidates, the sample ballot was not corrected as to them. However this may be, the use of the word "Socialist" by the party calling itself the "Socialist Party" as a party designation of any of its candidates was unauthorized, and an infringement upon the rights of the Socialist Labor Party, as defined by this court. Its candidates after whose names the word "Socialist" was placed received at such election more than one per cent. of the total vote cast for state officers at such election, while the candidates of the Socialist Labor Party at such election received less than one per cent. of such vote. It is the claim of the petitioner that by reason of such facts, and the provisions of Laws 1903, p. 337, c. 232, the alleged Socialist Party is entitled to the exclusive use of the word "Socialist" as a party designation.

Chapter 232, p. 337, Laws 1903, provides that a political party which at the last preceding general election polled at least one per cent. of the entire vote cast, and which has heretofore or shall hereafter adopt a party name shall alone be entitled to the use of such name for the designation of its candidates on the official ballot. We must assume that the purpose of enacting this statute was an honest and beneficial one. It would be a reproach to the administration of justice to impute to the legislature an intention to give to a political party which unlawfully appropriates any part of the name of another party the

exclusive right to it, if, perchance, by mistake or otherwise, one or more of its candidates are designated by the unauthorized party name on the official ballot, and receive more than one per cent. of the total number of votes cast. The statute must be construed so as to avoid such a result. Whatever else this statute may mean, we find no difficulty in so construing it, for it necessarily implies the party name adopted must be one which the party adopting it is authorized to select. Now, the adoption by the alleged Socialist Party of the word "Socialist" as a party designation at the general election of 1902 was unlawful, and an infringement of the rights of the Socialist Labor Party. It follows that the alleged Socialist Party could not acquire any exclusive right to the word "Socialist" as a party designation under the statute in question by reason of the fact that its candidates were, without right, designated as "Socialist" on such official ballot. We therefore hold that such party has no right to use the word "Socialist" as a party designation on the official ballot the respondent is required to prepare.

Whether the Socialist Labor Party by reason of the statute has lost its exclusive right to the use of the word "Socialist" as a party designation, is a question we do not decide.

Order discharged.