## MEAD v. TOWN OF MELLETTE.

1. A landowner is not entitled to have the digging of an artesian well enjoined because the water will flow on his land, where the water will flow along a natural water course and cause no damage.

2. The admission of incompetent evidence in a trial to the court is harmless, where there is competent evidence sufficient to support the decree.

(Opinion filed November 17, 1904.)

Appeal from circuit court, Spink county; Hon. A. W. CAMPBELL, Judge.

Action by W. G. Mead against the town of Mellette. From a judgment for defendant, plaintiff appeals. Affirmed.

*Sterling & Clark,* for appellant.

Swales, 'draws' or mere ravines where the water runs or is found only at such times are not water courses. 28 Ency. of Law, p. 944; Joliet, etc., R. Co. v. Healy, 94 Ill. 416; Jeffers v. Jeffers, 107 N. Y. 651; Chicago, etc., R. Co. v. Monon, 42

Kan. 339; Hoyt v. Hudson, 27 Wis. 656; Gibbs v. Williams, 37 Am. Rep. 241; Wharton v. Stevens, 15 L. R. A. 630.

If a land owner turns into a stream the waters of another stream, and the increased flow causes damage, he may be liable therefor.    Tillotson v. Smith, 64 Am. Dec. 355; Merritt v. Parker, 1 N. J. L. 460.

No period of inaction merely has been held to justify a nuisance or tresspass unless it has continued for such a length of time as will authorize the presumption of a grant.    The principle that so long as a legal right exists, the owner is entitled to maintain his action in equity to restrain violations of this right has been uniformly applied in this court.    Menendez v. Holt, 128 U. S. 523; 2 Pom. Eq. Jur., sec. 817; Rigney v. Tacoma Light & Water Co., 26 L. R. A. 425; Mathews v. Stillwater Gas & Electric Light Co., 65 N. W. 947.

*Korns & Johnson,* for respondent.

A stream does not cease to be a natural watercourse from the fact that it spreads out over level land in places without defined banks, if it again narrows into a definite channel. Gould on Waters, (3rd Ed.), sec. 264; McComber v. Godfrey, 108 Mass. 219; Spelman v. Portage, 41 Wis. 144; Case v. Hoffman, 84 Wis. 438.

A channel with banks, through which surface water flows with a current and in a certain direction where there is water, although not continuously, is a watercourse.    Rhoads v. Davidheiser, 133 Pa. St. 226, 19 Atl. Rep. 400; Palmer v. Waddell, 22 Kan. 352; Stauchfield v. Newton, 142 Mass. 10.

Findings of fact, as to which there is a conflict of evidence, cannot be disturbed on appeal.    Grewing v. Mnpls. T. M. Co , 12 S. D. 77; Littlejohn v. Co. Line Crmry. Co., 14 S. D. 312.

CORSON, P. J.  This is an appeal from a judgment in favor of the defendant, and from an order denying a new trial. The action was tried to the court without a jury.  The plaintiff, in his complaint, alleged, in substance, that the defendant was a municipal corporation, and that the plaintiff is the owner of, and resides upon, a quarter section of land within or near the said defendant town; that during the year 1890 the defendant sunk an artesian well within its limits, which was continued in use until on or about the first of September, 1900, and that large quantities of water flowed therefrom, and out to, upon and over the plaintiff's land, so that on account of such overflow the plaintiff was deprived of the use of about 15 acres of land, and that, by reason of the proximity of said overflow to the house and other buildings of the plaintiff, he was otherwise materially damaged, and his said premises were depreciated in value; that on or about the said first day of September, 1900, said artesian well ceased flowing, and, in order to obtain a supply of water for said defendant town for domestic uses, irrigation, and other purposes, the defendant was engaged in the sinking of another artesian well, of the same dimensions as the well formerly put down, at a distance of about one block therefrom; that plaintiff is informed and believes that said well has been sunk to a depth of about 600 feet and that a strong flow of water will be reached within a depth of 1,000 feet; that the defendant has made no provision whatever for conducting the overflow from said well in any other course or direction than to and upon the farm of the plaintiff, and that it is the intention of the defendant that the water from said well shall follow its former course, and run to and upon the land of the plaintiff; that said water in flowing to and upon his said land,

does not and will not flow in or through any creek, lake bed, or defined water course of any kind, and that all the land of the plaintiff heretofore overflowed is land which he had prior to the sinking of the said well plowed and cultivated to crops during each year; that if, upon the completion of said well, the water therefrom is permitted to follow the course of the water from the former well, the plaintiff will sustain great and irreparable damage and loss therefrom. The plaintiff demands judgment enjoining the defendant from causing or permitting the waters from said well, or any part thereof, to flow over or upon the lands of the plaintiff aforesaid, and for such other and further relief as the court shall deem equitable and just. The defendant, in its answer, denied that the plaintiff was deprived of the use of 15 acres of said land by reason of the water flowing from said well, and denied that the plaintiff was damaged thereby, or that the premises were depreciated in value thereby. The defendant, further answering, alleged that in the year 1890, it constructed a system of waterworks for the protection of the defendant town against fire and for domestic purposes, and that, to secure a supply of water therefor, it sunk an artesian well; that ever since the year 1890 it has discharged its surplus water from said well into a water course leading across the land of the plaintiff continuously, except during the short period of time when the well was choked up, with the knowledge and acquiescence of the said plaintiff; that it had renewed its supply of water by sinking a new artesian well of the same size and depth as the well formerly used, and the amount of water flowing therefrom is about the same; that the defendant has relied upon the use of the waterway across said land, and has expended large sums of money in the construction of its

waterworks, and that the plaintiff has had full knowledge of the defendant's use of the said waterway, and of its intention to continue to use the same, and has permitted the defendant to expend money in constructing and maintaining its system of waterworks and improving the same, without making any objection thereto; that there is a well defined water course leading across the land described in the plaintiff's complaint, and that all the surplus water was discharged into said natural watercourse above the plaintiff's land, and flows through the said waterway across the same; that during the year of 1890, and prior thereto, one George B. La Criox was the equitable owner and in possession of the premises described in the complaint, and that on the 9th day of July, 1888, he and his wife executed and delivered to the defendant a release of the right of way across said land for the purpose of enabling the defendant to maintain an artesian well, and permitting the surplus water therefrom to pass over the said premises, and that thereafter the defendant constructed and maintained the said artesian well, and allowed its surplus water to flow along said waterway over the lands described, with the full knowledge and consent of said George B. La Croix and his wife, and the consent of the plaintiff; that thereafter the plaintiff succeeded to the rights of said La Croix in and to said land, and entered into the possession thereof with full knowledge of said facts, and of the use of said waterway by defendant, and continually acquiesced therein until about the time of the commencement of this action. The court found, among other things, that all the allegations of the defendant's answer were true. The court also found that in January, 1890, the defendant completed an artesian

well located in its town for municipal purposes, from which quantities of water continued to flow from the time said well was sunk until the fall of 1900, and that during said time large quantities of surplus water were necessarily discharged from said well, which passed out, and continued to pass out, in a well defined natural water course, over and across the lands described in the plaintiff's complaint. From the findings so made the court concludes that the defendant was entitled to a judgment dismissing the action.

It will be observed that the court finds as a fact that the surplus waters from said artesian well flowed over and along a natural water course, and that the discharge of such surplus waters into said natural water course from said well caused no damage to the plaintiff. Such being the facts, it is clear that the plaintiff was not entitled to the injunction prayed for in his complaint, and that the court was right in rendering a judgment dismissing the action.

It is contended by the plaintiff that these findings of the court are not supported by the evidence, but, in our opinion, this contention is not tenable. There is, it is true, some conflict in the evidence; but, after a careful examination of the same, we are unable to say that there is a preponderance of the same against the findings of the court. Randall v. Burk Tp., 4 S. D. 337, 57 N. W. 4. The evidence in this case is voluminous, and a review of it would extend this opinion to an unusual length and serve no useful purpose.

It is contended by the plaintiff that the court erred in admitting in evidence the contract entered into by the plaintiff with George B. La Croix and his wife for the sale of said premises to them, and a release by La Croix and wife to the defend-

ant, authorizing it to use said water course for the purpose of discharging the surplus water from the said well; but, in the view we take of the case, the admission of the evidence, even if incompetent, would not constitute reversible error, for the reason that the findings of the court heretofore referred to fully support its conclusions of law and judgment.    It will be presumed that this evidence, if incompetent, was disregarded by the court in its decision of the case.   Taking this view of the admission of this evidence, we do not deem it necessary at this time to consider or discuss its competency, or whether or not the contract entered into by La Croix and his wife with the defendant was or was not binding upon the plaintiff.

It is further contended by the plaintiff that the conduct and silence of the plaintiff, in permitting the respondent to use the water course in question for the purpose of discharging its sur-plus water for a number of years without objection, did not estop the plaintiff from maintaining the action, or preclude him from asserting his right to an injunction.    But in the view we take of the case, it is not necessary at this time to consider or discuss the question of estoppel or laches, for the reason be-fore stated—that the finding of the court that the surplus waters of respondent's well were discharged over plaintiff's land in a natural water course, and that plaintiff had sustained no damage by reason of the same.

The judgment of the circuit court, and order denying a new trial, are affirmed.

HANEY, J. (concurring specially).   The plaintiff's rights are subject to the right of way granted by La Croix while he was the equitable owner of the land.   For this reason, I

think the judgment should be affirmed, without expressing any opinion as to the other features of the controversy.