## INTERNATIONAL HARVESTER CO. OF AMERICA v. McKEEVER.

Where the record on appeal in an action for an accounting does not show a clear preponderance of evidence against the finding of the trial court such finding will not be disturbed.

A harvester machine company, on settlement with its agent, was entitled to reject doubtful or worthless notes taken by the agent on the sale of certain machines where the contract of agency provided that in case sales were made by the agent to parties who were adjudged by the company to have been doubtful or worthless at the time of the sale, the notes taken for such sales should be applied to payment of commissions due the agent upon sales approved by the company, and also that, in case the company should, within three months, find that any notes taken and passed upon at settlement were doubtful or worthless at the time of the sale, then the agent should take such notes and replace them with cash or notes secured by good and responsible parties acceptable to the company.

Where the parties met to consult with witness as attorney and mutual friend for the purpose of settling differences existing between them, and witness was asked to relate what was said between the parties in regard to the settlement the sustaining of a general objection to the question as incompetent was not reversible error in the absence of any offer disclosing what the testimony would be.

(Opinion filed, November 16, 1906.)

Appeal from Circuit Court, Roberts County. Hon. J. H. Mc-Coy, Judge.

. Action by the International Harvester Company of America against J. A. McKeever. From a judgment for plaintiff, defendant appeals. Affirmed.

*J. J. Batterton,* for appellant.

A clause in a contract that "no one has any authority to add to, abridge, or change it in any manner" will not prevent a waiver of its provisions by the agent of a corporation which is a party thereto. D. M. Osborne & Co. v. Backer, 81 Ia. 375, 47 N. W. 70; Esterly Harvesting Machine Co. v. Bemis, 61 N. W. 980; Peterson v. Walter A. Wood M. & R. N. Co., 66 N. W. 96; Robinson & Co. v. Berkey, 69 N. W. 434; Ruthven v. American Fire Ins. Co., 71 N. W. 577; Stillman v. Wickham, 76 N. W. 1008; Blaess v. Nichols & Shepard Co., 88 N. W. 829.

*A. W. Campbell* and *L. W. Crofoot,* for respondent.

Even though as defendant claims in the attempted settlement which was never consummated, Begeman had offered as a condition of settlement to accept certain notes, the settlement failing, such offers would not be binding on the plaintiff but would at most amount to a mere offer to compromise, which if not accepted, would not be binding nor would they even be receivable in evidence against the plaintiff. Jones on Evidence, Sec. 293.

. HANEY, J. The defendant and the McCormick Harvesting Machine Company executed a written "Commission Agency Contract" such as is usually required by the machine companies; also certain written contracts with respect to particular articles handled by the company for the season of 1902. The parties having been unable to reach a settlement at the close of the season, this action for an accounting was instituted, and a receiver was appointed to preserve the property in dispute. Subsequently the company's rights were assigned to this plaintiff. The court before whom the cause was tried, without a jury, decided that the plaintiff was entitled to recover $6,038.11, and the possession of certain rakes and sickle grinders or their value in the sum of $194.25; that the receiver should deliver to the plaintiff certain property; and that the plain-

tiff should recover 'costs in the sum of $169.56. · Judgment having been accordingly entered and defendant's motion for a new trial denied, this appeal was taken.

It is alleged in the answer and shown by the evidence that this entire controversy arose from a dispute regarding 1,500 pounds of twine remaining in defendant's possession, which he claimed belonged to the plaintiff, and for the value of which he should receive credit, while the plaintiff claimed that the twine belonged to the defendant, and should not be included in the settlement. So, in reality, the only difference between the parties was whether the plaintiff should receive the twine or its value in money. As to this issue the learned circuit court found, in substance, that all the twine delivered to the defendant by the McCormick Company was sold by the defendant; that at the time of the attempted settlement the defendant refused to settle unless the company would accept and give defendant a credit of 1,500 pounds of twine which he had in his possession and which he wrongfully claimed, he was entitled to return to the McCormick Company or to this plaintiff. The findings of a trial court on disputed questions of fact are always presumptively right, and though, under our statute, not as controlling upon this court as the verdict of a jury, must stand, unless the evidence clearly preponderates against them. Feldman v. Trumbower, 7 S. D. 408, 64 N. W. 189; Randall v. Burk Tp., 4 S. D. 337, 57 N. W. 4; Reid v. Kellogg, 8 S. D. 596, 67 N. W. 687; Webster v. White, 8 S. D. 479, 66 N. W. 1145; McKenna v. Whitaker, 9 S. D. 442, 69 N. W. 587; Hulst v. Associations, 9 S. D. 144, 68 N. W. 200; Grewing v. Machine Company, 12 S. D. 127, 80 N. W. 176. It is undisputed that 30,000 pounds of twine were received and sold by the defendant, with which he was charged by the plaintiff and the court in its findings of fact. It is also undisputed that he purchased twine of other dealers. With respect to what remained at the close of the season the evidence is conflicting; defendant's evidence tending to prove that it was received from a local agent by reason of an order given by the McCormick Company; plaintiff's evidence tending to prove that it was returned to the defendant by such agent, pursuant to an arrangement with the defendant to which the plaintiff was not

a party.   No useful purpose would be served by reproducing this conflicting testimony.   It is enough to state that the entire record falls far short of showing a clear preponderance against the finding of the trial court, and such finding cannot be disturbed.

It is contended that the court erred in deciding that the plaintiff was not required to accept in settlement certain notes taken by defendant for property other than that received from the McCormick Company.   The contention is not tenable.   It is clear from a reading of the entire instrument that the commission contract only contemplated the acceptance by the plaintiff of notes taken for company goods sold by the defendant to good and responsible parties, according to the terms of such contract; an entirely reasonable stipulation.    Presumably the company would be acquainted with the quality of its goods.   As a rule the goods were to be sold with express written warranties provided by the company.   Two important factors in determining the value of the paper which it agreed to accept in payment for its property.   Whether the acceptance by the company, under previous contracts, of other notes, would operate as a waiver of its rights in this respect under the present contract need not be considered, because the testimony as to whether it had knowingly done so was conflicting, and the learned circuit court, in effect, found that it had not.   It is further contended that the court erred in not requiring the plaintiff to receive certain notes, on the ground that they were doubtful or worthless when the sales were made.   This, too, is not tenable.   The contract provides: "Commissions shall be only paid on machines sold and settled for, and none shall be paid on machines returned, condemned, or on orders not filled; and in case sales are made to parties who are discovered or adjudged by said company or its general agent, to have been doubtful or worthless at the time of sale, the notes taken for such sales shall be received by said agent to apply on payment of commmissions due upon sales recognized and approved by said company; and if the machine account at the time of settlement is overpaid by notes, such surplus notes shall be received by said agent as payment in full or part of the commissions due.   Commissions are to become due and payable at the time account of sales is rendered and settlement made, or at any time

within six months thereafter at the option of said company or its general agent. It is further agreed that in case said McCormick Harvesting Machine Company, or its general agent, shall within three months from time of settlement find that any note, or notes taken and passed upon at settlement were doubtful or worthless at the time of sale, then said agent shall take said note or notes and replace them with cash, or note secured by good and responsible parties acceptable to said company or its general agent." It was found by the trial court, from conflicting evidence, that none of the notes had been accepted by the company; it is undisputed that no settlement was effected; therefore, at the time the plaintiff served its notice of refusal to accept these notes, its right to reject doubtful or worthless paper was clearly conferred by the contract and it cannot be claimed that its action was unreasonable because the trial court found from conflicting evidence that the notes were in fact doubtful or worthless at the time they were taken.

Mr. Howard Babcock, an attorney and counselor at law, called as a witness by the defendant, having testified that an agent of the plaintiff and the defendant came to his office and talked over with him the matter of a settlement and it having been suggested that he was acting as an attorney for the parties, the witness stated: "The parties met and consulted with me as an attorney and friend of both parties with a view of settling their differences. I was not retained by either party so far as the transaction was concerned. Mr. Begemann suggested that we talk the matter over, and they would pay me for the time. They took a good share of the afternoon, and Mr. Begemann paid me $5. I don't know in what way I was employed in the matter. I was not acting for either party, but for both in attempting to make a settlement." Thereupon he was asked this question: "You may relate what was said between the parties at the time in regard to the settlement." This was objected to "as incompetent," and the objection was sustained. Conceding that where a trial judge sustains a general objection such as was here interposed, he should be reversed if under any view of the case the evidence was admissible and the error not cured by other proof of the fact sought to be established (Bright v. Ecker, 9 S. D. 449, 69 N. W. 824), the exclusion of this testimony was not

reversible error. The parties met to consult with the witness as an attorney and mutual friend for the purpose of settling their differences. In the absence of any offer disclosing what the testimony would be the only reasonable inference is that the conversation exclusively related to the matter of a settlement. The question called for the entire conversation, necessarily involving statements made for the purpose of effecting a compromise. It suggested no competent, independent fact. Unaccepted offers made during negotiations for the purpose of effecting a compromise are in general inadmissible; especially when expressly made without prejudice, and the better rule is that if they are clearly offers of compromise, or the circumstances are such that the court can see they were made only for that purpose, they are not in reality admissions, or at all events it will be presumed that they were made without prejudice, and under a tacit agreement or understanding that no advantage should be taken of them by the opposite party. 1 Elliott on Ev. § 240; Reagan v. McKibben, 11 S. D. 270, 76 N. W. 943. Though the excluded conversation may not have been privileged as involving confidential communications between an attorney and client, for the reason that the attorney's advice was sought by both parties, nevertheless the fact that the witness was an attorney thus employed strongly supports the inference that neither intended or expacted his statements to be used against him should litigation arise. So, it is clear that the entire conversation was not admissible under any view of the case, and the ruling must be sustained.

The judgment of the circuit court is affirmed.

CORSON, J., not sitting.