## CLARK v. ELSE et al.

Where a bankrupt, while engaged in the real estate business, purchased certain mill property for his wife, and, for the purpose of making the purchase, loaned her a sum of money, which she subsequently repaid before the bankruptcy proceedings, and the wife thereafter sold the mill property and invested the proceeds in the lands in controversy, such transaction was not fraudulent as against the bankrupt's creditors so as to entitle the bankrupt's trustee to impress a trust on such lands.

The property of a wife cannot be subjected to the payment of her husband's debts unless it clearly appears that the property actually belonged to the husband and was placed in the wife's name for the express purpose of preventing its being reached by the husband's creditors.

When a bankrupt and his wife moved to South Dakota he was without means, but the wife had a small sum of money. Before their removal, the husband agreed that, if he should secure title to two or more quarter sections of land, he would convey one of them to her. He secured three quarter sections and conveyed to the wife one quarter, which was then incumbered by a mortgage for $600, which the husband subsequently paid before bankruptcy, and when he was financially unembarrassed. **Held,** that the $600 so paid could not be regarded as an advancement to the wife which could be subjected to the payment of his subsequent debts.

A husband, when free from debt, may convey property to his wife without consideration if the conveyance is not in contemplation of the contracting of future indebtedness and to place the same beyond the reach of his future creditors.

Where a husband had a power of attorney from his wife to draw chacks on a bank in her name, but none of the money derived from the husband's private business was used by the wife except in the way of loans made to her, which were subsequently repaid out of her individual funds, the fact that the bank account was kept in the name of the wife did not show that the transactions between the husband and the wife were fraudulent as to the husband's creditors.

(Opinion filed, December 21, 1906.)

Appeal from Circuit Court, Spink County. Hon. CHARLES S. WHITING, Judge.

Action by S. W. Clark, as trustee of the estate of Allen E. Else, bankrupt, against Nellie S. Else and another. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

*Bruell* & *Morris* (*Turner* & *Wright, of counsel*), for appellant. *N. P. Bromley* and *William Issenhuth,* for respondents.

CORSON, J. This is an action by the plaintiff as trustee in bankruptcy of the estate of Allen E. Else, one of the defendants herein, who has been duly adjudged a bankrupt, to recover a judgment against the defendant Nellie S. Else, adjudging that she hold certain real property, standing of record in her name, in trust for said Allen E. Else, and requiring her to convey the same to the plaintiff as such trustee. The case was tried by the court and its

findings and judgment being in favor of the defendant Nellie S. Else, the plaintiff has appealed.

. The principal ground for a reversal claimed by the appellant is that certain findings of fact are not supported by the evidence. The findings are very voluminous and contain practically the history in detail of the transactions between the defendant Nellie S. Else and her husband, Allen E. Else, since the year 1882, when she with her husband removed to this state from the state of Wisconsin, and we shall not undertake to give these findings in full. It appears from these findings that, at the time said defendants came to this state, the wife had a small sum of money but her husband was without means; that prior to their leaving Wisconsin, the husband agreed with his wife that if he should secure title to two or more quarter sections of land to convey to her one of the quarters; that having secured three quarter sections, he, in 1884, conveyed to his wife one quarter in fulfillment of his former agreement; that at the time he conveyed this quarter to his wife it was incumbered to the extent of $600, and that he subsequently paid off said incumbrance; that some time in 1886, the husband, in connection with a partner, entered into the business of selling agricultural implements, the business proved unsuccessful and in closing up said business in 1888, he conveyed to his wife certain personal property amounting in value to about $1,500, in payment of certain money she had advanced to him, derived from the sale of her property; that at about that time the husband returned to the farm owned by his wife and thereafter for several years managed and conducted the same as her agent; that in the fall of 1901 the husband went into the real estate business at Doland in this state, and in the spring of 1902 he and two of his sons formed a copartnership and were still engaged in the real estate business at the time of the commencement of this action; that during said time he purchased for his wife a certain mill property, and, for the purpose of making said purchase, he loaned her a certain amount of money which subsequently, on the sale of said property, was repaid to him; and that the purchase of the mill proved to be a profitable investment and the wife realized therefrom, over and above the cost of the property, several thousand dollars, part of which

consisted of the lands in controversy in this action. Plaintiff seeks to impress upon these lands a trust in his favor as such trustee in bankruptcy of the estate of said Allen E. Else. The court concluded, however, that the title to these lands is absolute in the wife and not impressed with any trust in favor of the plaintiff.

The evidence upon which the findings of the court are based is also very voluminous and no useful purpose would be served by setting out such evidence in full or even a brief synopsis of it in this opinion. As will be noticed the transactions cover a period of upwards 20 years and involve a very large number of different purchases and sales in which the husband or the two sons acted as agent or agents of the said Nellie S. Else; but in which the title to the property involved was always taken in her name. After a careful review of this evidence, we are of the opinion that it fully supports the findings of the court and that both the wife and her husband explained the various transactions in a manner entirely consistent with her absolute ownership of the property involved in this controversy. While it is the duty of courts to carefully scrutinize the transactions between husband and wife, they must recognize the fact that, under the laws of this state, a wife may transact business and acquire and hold property in her own name and that the husband may properly act as her agent in the transaction of such business, and courts will not assume that, because the husband is acting as the agent of his wife in the management of her business, that they are acting fraudulently, and where the transactions between the husband and wife are shown by the evidence to be fair, and it appears therefrom that the property acquired in such business actually belonged to the wife, her rights thereto will be protected by the courts. A husband may be unfortunate in business but the wife's property should not be subjected to the payment of his debts unless it clearly appears that the property actually belonged to the husband and was placed in the name of the wife for the express purpose of preventing its being reached or applied by the creditors of the husband for the payment of his debts. Watt v. Morrow et al., 19 S. D. 317, 103 N. W. 45.

The trial court evidently gave to this case very great consideration and this court is unable to say, upon a review of the evi-

dence, that the findings of the trial court are not supported by the same, or that the evidence in the case preponderates in favor of the plaintiff. Randall et al. v. Burk Township, 4 S. D. 337, 57 N. W. 4.

The contention of the appellant that the $600 paid by the husband to satisfy the mortgage on the quarter section conveyed by him to his wife in 1884 should be deemed money advanced by him to his wife is untenable, as the agreement to convey the quarter section made by the husband with the wife clearly contemplated a transfer of said quarter section free and clear of all incumbrances. At the time that mortgage was satisfied by the payment of $600, it appears from the evidence that the husband was not in embarrassed circumstances, and had not contracted the indebtedness scheduled in his petition in bankruptcy. The husband, when free from debt, may convey to his wife property without consideration if such conveyance is not in contemplation of the contracting of future indebtedness and to place the same beyond reach of his future creditors. Aldous v. Olverson, 17 S. D. 191, 95 N. W. 917. There was no evidence in the case at bar indicating that the conveyance of the quarter section of land to the wife was made in contemplation of any such contingency.

The further contention of appellant that the fact that the bank account in the bank at Doland was kept in the name of the wife and that some of the proceeds arising from the business of the husband as land agent was deposited in this account rendered the transactions between the husband and wife fraudulent is equally untenable. The husband had a power of attorney from his wife to draw checks upon the bank in her name and it was quite clearly shown by the evidence that none of the money derived from the husband's private business was used by her, except by the way of loans to her, which were subsequently shown to have been repaid out of her individual funds.

The other questions discussed by counsel for appellants have been fully considered, but, in our view of the case, they do not demand further consideration.

Finding no error in the record, the judgment of the court below is affirmed.