### CHUDY v. LARKIN.

A complaint alleged that a fire set by defendant spread to premises owned by the plaintiff, and destroyed fencing, posts, a barn, lumber, cyclone cellar, two hog pens, six hogs, orchard and shrubbery, shade and forest trees, and machinery, specifying the value of each, making a total value of property destroyed of $2,000, and the following paragraph of the complaint alleged "that the plaintiff herein was the owner of the property so destroyed as hereinbefore stated, and that by reason of said defendant so setting said fire as hereinbefore stated, and so allowing the same to get beyond his control and spread and burn to the premises of the plaintiff," he was "damaged in the sum of $2,000." **Held,** that the specifications as to the value of the separate improvements destroyed, though unnecessary, were simply a description of the real property damaged, and that the paragraphs of the complaint read together stated a cause of action for damage or trespass to the buildings, fences, trees, etc., as part of the realty, and not as personalty separate from the land.

While growing trees and improvements are generally a part of the realty on which they stand, the owner may, for a particular purpose, as in an action of trespass, treat them as personal property, and have an action for injury to them independently of the realty.

Where grown timber has been destroyed or injured by a wrongful act, as by fire escaping from the premises of another, the owner has an action of trespass for injuries to the realty, and from the destruction or injury of .vines, fruit trees, and young growing timber, which have little or no appreciable value when severed from the realty, he has the same action.

In an action of trespass for injury to personal property attached to the realty, the measure of damages is its intrinsic value as detached and separated therefrom.

In trespass to real and personal property which is injured or damaged by fire, and where the owner has elected by his pleading to bring an action for damages to the realty, the measure of damages is the difference in the value of the realty before and after the trespass.

(Opinion filed, Feb. 1, 1911.)

Appeal from Circuit Court, Charles Mix County. Hon. ROB-ERT B. TRIPP, Judge.

Action by James Chudy against J. E. Larkin. Judgment for plaintiff, and defendant appeals. Affirmed.

*G. M. Caster,* for appellant. *Harry D. James* and *Elliott & Stilwell,* for respondent.

CORSON, J. This is an appeal by the defendant from a judgment rendered in favor of the plaintiff, and from the order denying a new trial. The action was instituted by the plaintiff to recover of the defendant damages alleged to have been caused by the negligence of the defendant in setting a certain fire on the premises of the defendant, which was allowed to escape to the premises of the plaintiff, causing him an alleged damage to his property of $2,000. It is alleged in the complaint that the plaintiff was the owner in fee and occupant of certain described land and premises in the county of Charles Mix; that on the 14th day of April, 1908, the defendant in this action by himself and his agents and servants set and caused to be set on fire certain prairie grass on the premises of defendant described in the complaint; that said defendant so set on fire and caused to be set on fire said prairie grass upon said land and premises without first preparing a fire break of 50 feet encompassing said prairie grass so set on fire, and by the third and fourth paragraphs it is alleged as follows: "(3) That by reason of the setting out said fire without first pre-

paring a proper fire break therefor, and by reason of the careless-ness and negligence of said defendant, said fire so set out did spread and get beyond the control of the said defendant, his agents and servants, and did burn and spread to the premises so owned by the plaintiff herein and as above described, and did burn and destroy on the said premises of the plaintiff herein the following property, to-wit: 3 miles of fencing and posts of the value of $200; one barn 16 by 26 of the value of $250; 3 loads of lumber of the value of $75; 75 cedar posts of the value of $12; one cyclone cellar, $15; 2 hogpens and hoghouses of the value of $100; 6 hogs of the value of $100; orchard and shrubbery of the value of $100; over 3,000 shade and forest trees of the value of $1,000; damage to machinery and other damage on said premises to the amount of $148; making a total of property on the said premises of the plaintiff herein and so owned by the plaintiff herein de-stroyed by said fire in the sum of $2,000.

"(4) That the plaintiff herein was the owner of the property so destroyed as hereinbefore stated, and that by reason of said de-fendant so setting said fire as hereinbefore stated, and so allowing the same to get beyond his control and spread and burn to the premises of the plaintiff herein as hereinbefore stated, this plaintiff has been damaged in the sum of $2,000, no part of which has ever been paid. Wherefore plaintiff demands judgment against the de-fendant for the sum of $2,000 damages sustained by plaintiff, to-gether with the costs and disbursements of this action."

The defendant in his answer admits the ownership of the real property by the plaintiff described in the complaint, and denies each and every other allegation therein contained.

The only question presented for our consideration on this appeal is the question as to the measure of damages under the pleadings.

On the trial the plaintiff, being called as a witness on his own behalf, testified that he was the owner in fee of the premises de-scribed in the complaint, and after giving substantial testimony tending to prove that the defendant caused to be set the fire de-scribed in said complaint, and to prove that the defendant was

liable for the damages incurred by the plaintiff on his said premises by reason of the fire, testified as to the personal property destroyed on his premises and the value of the same, and describing the nature of the balance of the property destroyed by the fire set out in the complaint, was asked the following question: "Q. I will ask you, Mr. Chudy, to state to the court and jury what the fair market value of this farm was as it stood just prior to the fire, with those trees alive, the fences standing as they were before the fire, the hoghouses that were burned, the fencing that was destroyed by fire, the cyclone cellar that was burned, together with this grove of trees, including fruit and forest and shade trees that was burned, as the farm and all these items existed just at the time of and just prior to the fire." This question was objected to by the defendant as incompetent, immaterial, and incompetent under the issues, and too indefinite. This objection was overruled by the court, to which the defendant excepted. "A. $10,000 before the fire. Q. Now, I will ask you to state to the court and jury what a fair market value of this farm described in the first paragraph of the complaint was after the fire, with these items destroyed, and the trees killed in the manner you have testified to, immediately after the fire." Same objection, same ruling, and exception. "A. $8,000." A number of other witnesses were examined on the part of the plaintiff to which similar questions were propounded, similar answers given, the same ruling of the court, and exception.

It is contended by the appellant that it was not competent for the plaintiff under the issues in the case to prove the damages sustained by him by showing the value of the premises before and after the fire; that, as the plaintiff had specifically fixed the value in his complaint of the various properties destroyed, he should have been confined to the proof of the value of those items as specified in his complaint.

It is contended by the respondent, however, that the cause of action stated in the complaint is, in effect, one of trespass for injury to the premises in so far as the items of damage relate to the permanent improvements and growing trees upon the land

described in the complaint, and that the complaint contains every allegation necessary or proper in an action for trespass upon the land, and that the allegation of the value of the barn, fences, trees, etc., was only a matter of description, and did not necessarily confine the plaintiff to the proof of the value of the separate items of damage; that the complaint stated that the plaintiff was the owner of the premises; that this property had been destroyed, and the last paragraph of the complaint was not only broad enough, but in proper form, to include the items of damage to the personal property and to the real estate.

It is further contended by the respondent that under the allegations of the complaint it is clear that the plaintiff sought to recover damages for injury suffered by the fire, both in the destruction of his personal property and of his real estate, as he alleges the ownership of the real estate, which would not have been necessary for the mere recovery of the value of the property as personal property, and that he did not follow the allegation of value in each of his items in the complaint with a separate and specific allegation of damage in each instance, and in the last paragraph he alleges his damage to be "by reason of said defendant so setting said fire as hereinbefore stated and so allowing the same to get beyond his control and spread, and burn to the premises of the plaintiff herein." There seems to be a conflict in the authorities upon this subject, but this conflict has evidently arisen largely by reason of the nature of the action. We are of the opinion that the respondent is right in his contention, and that the fourth paragraph of the complaint had the effect of qualifying the third paragraph in which the plaintiff therein alleges the specific damages sustained by him, not only by the destruction of his personal property, but as to the injury done to his real property by the alleged fire, and that, while the complaint is not artistically drawn, he states, in effect, in the fourth paragraph of the same, a cause of action as to the damages caused to the realty. While the third paragraph of the complaint not only includes the personal property destroyed and its value, but also specifies the value of the buildings, trees, and improvements upon the premises, the

specification as to the value of these improvements, though un-
necessary, may properly be considered simply a description of the
real property so damaged. This was evidently the view taken by
the trial court and the construction placed by him upon the com-
plaint. Construing all the paragraphs together, we are inclined to
take the view that the court was right in so construing the com-
plaint.

The law applicable to this class of cases is very fully dis-
cussed by this court in the case of Bailey v. C., M. & St. P. Ry.
Co., 3 S. D. 531, 54 N. W. 596, 19 L. R. A. 653, in which this
court in discussing the question says: "On the trial, the court
adopted as the measure of damages the value of the trees and
shrubbery so destroyed. The appellant claims the proper rule was
the difference in value of the real estate, of which the trees and
shrubbery were a part, immediately before and immediately after
the injury. * * * But it seems to us that the rule to be adopted
in any case depends upon the character and object of the particular
action. While growing trees and improvements are generally a
part of the real estate upon which they stand, still the owner may
for a particular purpose treat them as personal property. If a
building be destroyed or detached from and moved away from
the owner's real estate, he may recover the value of the building,
independently of its connection with the real estate, * * * or
he may bring his action for the injury to the real estate, and re-
cover therefor. * * * If he sue specifically for the value of
the material taken away, he could not, of course, recover in such
action for injury to the real estate resulting from the excavation.
* * * But, if he sue for the injury to his real estate, he may
recover that, and such injury will be measured by the usual rule
of diminished value. So we say the rule of damages depends upon
the purpose and character of the action. A party injured as com-
plained of in this action may bring his suit for destroying his trees,
and in such action recover the value of such trees, not as a part of
the realty, but their intrinsic value as detached and separated
therefrom, and proved in the usual mode of proving value, or he
may bring his action for injury to his real estate, and recover its

diminution in value. Each action has its appropriate rule of damages." The pleadings in that case are not given, either in the opinion or the statement of the case, but it is quite clear from the language used in that case that the action was instituted to recover for the value of the trees and shrubbery destroyed, and that the complaint did not contain any paragraph similar to the fourth paragraph in the complaint which appears from the record in this action.

In White v. Chicago, M. & St. P. Ry. Co., 1 S. D. 326, 47 N. W. 146, 9 L. R. A. 824, which was an action to recover damages for the destruction of a farmhouse of the value of $250, this court in laying down the rule as to the proper measure of damages in that case held, as appears by the 1st headnote, that: "In an action for negligence, where buildings, trees, or crops are destroyed or injured by fire, the proper measure of damages is not the difference in the value of the land upon which they are situated before and after injury, but the value of the buildings, trees, etc., themselves." It appears in that case from the statement made by the judge writing the opinion that the action was instituted for the purpose of recovering the value of a farmhouse as personal property, and that in that case, as in the former case, there was no allegation in the complaint of any damage to the realty.

An examination of the cases discloses the fact that a party may elect a form of remedy, and that he may institute the action to recover the value of full grown timber, valuable in itself, independently of the damage to the real property, but this does not apply to fruit trees and young growing timber which have no appreciable value when severed from the freehold, and it is quite apparent from the complaint in this case that the vines, fruit trees, and growing timber would have but very little appreciable value when severed from the realty, and hence we must presume that it was the intention of the plaintiff in this action by the insertion of the fourth paragraph in the complaint to recover for the value by that class of property, including fencing and buildings, as a part of the realty and not as personal property. It is quite clear, therefore, that the plaintiff by his complaint sought to recover the dam-

age to. this class of property as a part of the realty and not its value as severed therefrom.

The learned counsel for appellant has called our attention to the case of Houston & T. C. R. Co. v. Smith (Tex. Civ. App.) 46 S. W. 1046. The complaint in that case seems to be quite analogous to the complaint in the case at bar, omitting therefrom the fourth paragraph of the same, as will appear by the first headnote, which reads as follows: "Where the petition alleged the destruction of certain buildings, fences, fruit trees, and shrubbery on plaintiff's premises, and of personal property in the buildings, by fire set by an engine, and alleged the value of such buildings, fences, trees, and other property, and prayed judgment therefor, but alleged no injury to the freehold, it was error to instruct that in estimating the damage the jury should allow the difference between the market value of the land with such structures, trees, etc., thereon at the time of the fire and such value immediately thereafter, as such damages were not alleged, nor were facts alleged from which a right to recover them could be legally deduced." The court in that case in its opinion says: "By its charge the court below instructed that, if the jury found for the plaintiff, they should, in estimating the damage resulting from the destruction of or injury to the buildings, shrubbery, and fruit trees, allow the difference between the market value of the land, with such structures, trees, etc., upon it, at the time of the fire, and such value just after the fire. This may be the correct way in which to determine the damage which plaintiff would be entitled to recover, but the petition is not sufficient to support such a recovery. Such damages are not claimed in the pleading, nor are facts alleged from which the right of plaintiff to recover them can be deduced as a legal conclusion. If the facts stated were such that the court could see that the right of plaintiff is to recover for such an injury to his freehold, the prayer for judgment for the value of the property destroyed would not prevent the court from awarding the proper relief under the general prayer. But, as the petition stands, there is no basis for any relief but that for which the plaintiff specially prays."

The law applicable to this class of cases is very clearly stated by the Court of Appeals of New York in the case of Dwight v. E. C. & N. R. R. Co., 132 N. Y. 199, 30 N. E. 398, 15 L. R. A. 612. The learned court in that case held, as appears by the head-note, as follows: "In actions to recover damages for injuries to real estate caused by the unlawful separation and removal of something therefrom, the courts recognize two elements of damage: (1) The value of the thing taken, after separation from the freehold, if it have any. (2) The damage to the realty, if any, occasioned by the removal. Where plaintiff asserts his right to go beyond the value of the thing taken or destroyed, after severance from the freehold, so as to secure compensation for the damage done to his land, the measure of damages is the difference in value of the land before and after the injury." The pleadings in that action do not appear in the statement of the case, or in the opinion of the court, but from the language of the opinion we think it is quite clear that the complaint was so drawn that the plaintiff was entitled to have applied the rule of damages before and after the injury usual in that class of cases. The court in its opinion, after discussing the various rules adopted by the court, says: "On the other hand, cases are not wanting where the value of the thing, detached from the soil, would not adequately compensate the owner for the wrong done, and in those cases a recovery is permitted, embracing all the injury resulting to the land. This is the rule where growing timber is cut or destroyed. Because not yet fully developed, the owner of the freehold is deprived of the advantage which would accrue to him could the trees remain until fully matured. His damage, therefore, necessarily extends beyond the market value of the trees after separation from the soil, and the difference between the value of the land before and after the injury constitutes the compensation to which he is entitled. * * * [Citing authorities.] The same rule prevails as to shade trees, which, although fully developed, may add a further value to the freehold for ornamental purposes, or in furnishing shade for stock." And the court concludes its opinion as follows: "In this case the plaintiff was not satisfied with a recovery based on the

value of the trees destroyed, after separation from the realty, of which they formed a part, as, indeed, he should not have been as such value was little or nothing, so he sought to obtain the loss occasioned to the land by reason of the destruction of an orchard of fruit-bearing trees, which added largely to its productive value. This was his right, but the measure of damages in such a case is, as we have observed, the difference in value of the land, before and after the injury, and as this rule was not followed but rejected on the trial, and a method of proving damages adopted, not recognized nor permitted by the court, the judgment should be reversed."

A review of the numerous authorities cited by the respective counsel would serve no useful purpose, for, as in the opinion of this court before quoted from, very much depends upon the nature of the action, and in our opinion the complaint in this action is sufficient to entitle the plaintiff to recover, not only for the personal property destroyed, but the amount of damages sustained by plaintiff to his real property including his buildings, fruit trees, and growing trees, the court, as to these damages, very properly adopted the rule of the value before and after the injury.

These views lead to the conclusion that the court committed no error in admitting the evidence objected to on the part of the defendant.

The judgment of the circuit court and order denying a new trial are affirmed.

SMITH, P. J., dissents.

WHITING, J. (dissenting). I am unable to concur in the opinion of Justice CORSON herein. I can find nothing in paragraph 4 of the complaint to in any way modify or change the effect of the wording of the remainder of the complaint; there being nowhere in said paragraph or in any other part of the complaint any allegation setting forth any injury to the real estate as such. To my mind it seems perfectly clear that the pleader set forth solely the damage by way of the destruction of the various items of property detailed. It will be noted that at the close of paragraph 3 are the following words: "Making a total of property

on said premises of the plaintiff herein and so owned by the plaintiff herein, destroyed by said fire in the sum of $2,000." This summary taken in connection with the fact that several of the items burned were in their nature personal property clearly shows that it was the value of the property destroyed for which the pleader sought recovery, and not the damage to the real estate as such.