GINGLES et al., Appellants, v. SAVINGS BANK OF HART-
FORD et al., Respondents.

(146 N. W. 596.)

1. **Appeal—Review—Findings of Fact—Preponderance of Evidence.**
   Under Code Civ. Proc., Sec. 463, providing for a review of
   any questions of fact or law decided by trial court, held, that
   the Supreme Court, in reviewing sufficiency of the evidence to
   sustain findings, where the evidence is such that reasonable
   persons might draw diverse inferences and conclusions there-
   from, will consider only whether there is a clear prepond-
   erance of the evidence against the findings.

2. **Same—Credibility of Witnesses—Reversal of Findings—Convinc-
   ing Proofs.**
   Where credibility of witnesses was a controlling factor in
   decision of facts by trial court, it requires most convincing
   circumstances to justify the Supreme Court in reversing
   findings.

(Opinion filed March 21, 1914.)

Appeal from Circuit Court, Minnehaha County.   Hon.
Joseph W. Jones, Judge.

Action by John H. Gingles, as executor of the estate of R.
C. Gingles, deceased, and another, against the Savings Bank of
Hartford and others, to recover money held in escrow by de-
fendant bank, involved in an alleged sale and exchange of
lands. From a judgment for defendants, and from an order deny-
ing a new trial, plaintiff's appeal. Affirmed.

*W. E. Van Demark*, for Appellants.

Findings of fact numbered III to VIII inclusive, are not
justified by the evidence, and the court should have made find
ings of fact numbered seventh to fifteenth, inclusive, as requested
by plaintiffs.

The preponderance of the evidence is against the findings
excepted to, and the judgment should be reversed, and find-
ings of fact directed to be entered as requested by plaintiffs.

IN REPLY.

This is an action at law decided by the court, and it is the
duty of this court under Sec. 463, C. C. P. to review the evi-
dence, and if there is a clear preponderance of the evidence against
the decision of the court below, this decision should be reversed.
Randall v. Burk Township, 4 S. D. 337, 57 N. W. 4; Jasper v.
Hazen, (N. D.) 58 N. W. 454.

*Bailey & Voorhees,* and *P. G. Honegger,* for Respondents.

We contend that the preponderance of the evidence in this case is clearly in favor of the findings of the trial court.

SMITH, P. J. John H. Gingles, as executor, brought an action in the circuit court of Minnehaha county, against the Savings Bank of Hartford, and Frank and Annie Urban, to recover a portion of the sum of $300 held in escrow by the Savings Bank. The escrow was in connection with a transaction relating to purchase and sale of real estate. One Clark entered into a written contract with the defendants Frank and Annie Urban for a sale and exchange of certain lands in North Dakota owned by Gingles and son to the Urbans, which contract was not signed by the Gingles, but was thereafter ratified and accepted by them. Some difficulty arose in closing up the deal, but the sale was finally consummated and the North Dakota lands transferred to the defendant Annie N. Urban; the defendant Frank Urban paying the full consideration for the land, except the sum of $300 placed in escrow. Prior to the transfer of the land, two matters of difference had arisen between the parties; on as to the exact number of acres in the tract, and the other as to the existence of a highway across the land. In order to prevent delay in completing the transfer, the parties entered into a collateral contract or agreement, under which $300 of the purchase price was to be deposited in escrow with the defendant Savings Bank, to be held and paid out by the bank, pursuant to the terms of the escrow agreement. Plaintiff, alleging that the terms of the agreement had been fully performed on his part, demanded of the defendant bank the sum of $265.20. The Urbans denied that plaintiff had carried out the contract, and for that reason alone the bank refused to pay over the money. Plaintiff sued both the bank and the Urbans. A jury was waived and the case tried by the court. Findings, conclusions, and judgment were entered in favor of defendants. Plaintiff appeals.

At the trial plaintiff produced and offered in evidence a written instrument which was signed by plaintiff but not by defendants. This instrument is claimed by plaintiff to have been binding on both parties as a written contract; but, if not found binding, plaintiff alleges it contained the substance of the

oral agreement under which the deposit in escrow was made. Defendants by separate answers deny the oral contract alleged by plaintiff, and deny that plaintiff is entitled to recover any part of the money deposited.   The oral escrow agreement alleged by defendants was to the effect that defendants would deposit $300 of the purchase price in the Savings Bank of Hartford, to remain until plaintiff had secured a vacation of the highway, if it should be ascertained there was a legal highway on said land, and that, if plaintiff failed to secure a vacation of said highway, the entire sum of $300 should be returned to the defendants Urbans. The trial court found the oral contract to have been as alleged by the defendants, that the road was a legally laid out public highway, was wholly upon the land purchased by the defendants Urbans, and that it appropriated 9.41 acres thereof.   The court further found that the plaintiff had never taken any steps to vacate said highway, and that it was still a legally laid out public highway across said land.   Upon these findings. conclusions of law and judgment were entered for defendants. Appellant assigns as error rulings of the trial court upon matters of evidence, and alleges insufficiency of the evidence to sustain the findings.   In many respects, the evidence of witnesses for plaintiff and defendants was conflicting as to the terms of the oral contract, and was such that reasonable persons might draw diverse inferences and conclusions therefrom.

Appellant concedes that the evidence is conflicting, as to the terms of the escrow contract, but rests his appeal largely, if not wholly, upon the contention that the finding of the court as to the oral contract is contrary to the preponderance of the evidence. Appellant's contention that the alleged written contract is binding upon the parties to the action will first be considered.   If binding, the findings, conclusions, and judgment are erroneous. It is conceded that the instrument was never signed by the Urbans.   Appellant contends that the Urbans orally assented thereto, that plaintiff thereafter acted upon and complied with the terms of the contract, relying upon such oral assent, and that this makes the written contract binding upon both parties. The Urbans, however, positively deny the alleged assent, and the finding of the trial court upon this conflicting evidence was

with defendants. If this finding stands, it must follow that appellant's contention fails even upon his own theory of the law.

[1] This brings us to appellant's second contention, viz., that this court is required under section 463, Code of Civ. Proc., to consider the evidence, and that the findings of the trial court are against the preponderance of the evidence. It has been many times held by this court that, upon an appeal demanding a review of the sufficiency of the evidence to sustain findings of fact, the only question presented is whether there is a clear preponderance of the evidence against the findings of the trial court. First Nat. Bank v. McCarthy, 18 S. D. 218, 100 N. W. 14; Reagen v. McKibben, 11 S. D. 270, 76 N. W. 943; Larson v. Dutiel, 14 S. D. 476, 85 N. W. 1006; International Harvester Co. v. McKeever, 21 S. D. 91, 109 N. W. 642; Clark v. Else, 21 S. D. 112, 110 N. W. 88; Peever Merc. Co. v. State Mut. F. Ass'n. 23 S. D. 1, 119 N. W. 1108, 19 Ann. Cas. 1236, Elmpson v. Reliance Gold Min. Co. 23 S. D. 412, 122 N. W. 446; Breeden v. Martens, 21 S. D. 357, 112 N. W. 960. In Tom Sweeney Hardware Co. v. Gardner, 18 S. D. 166, 99 N. W. 1105; Mead v. Mellette, 18 S. D. 523, 101 N. W. 355, Godfrey v. Faust, 18 S. D. 567, 101 N. W. 718; Murphy v. Dafoe, 18 S. D. 42, 99 N. W. 86—where there was conflicting evidence, this court refused to disturb findings of the trial court, because unable to say there was a clear preponderance of the evidence against the findings. A careful examination of the printed record discloses a conflict of evidence on questions of fact vital in this case, which clearly makes this rule applicable. The evidence is discussed at length in the briefs of counsel, but a review thereof by this court would serve no useful purpose. Appellant concedes a conflict in the evidence as to what occurred at the time the escrow agreement was entered into, but contends, in substance, that he thereafter proceeded according to the terms of the written agreement, and has fully complied therewith on his part, and that this, with plaintiff's evidence and certain statements of defendants' witnesses, is sufficient to show that the findings are against the preponderance of the evidence.

[2] We are convinced that the credibility of witnesses who

testified at the trial must have been a contrclling factor in the decision of the trial court, and in such cases it would require most convincing circumstances to justify this court in reversing the finding of the trial court. We do not find such circumstances in the case before us. We have examined the rulings upon the introduction of evidence, and find no errors therein which we think would warrant a reversal. The questions raised upon these rulings are not of sufficient general importance to require discussion.

The order and judgment of the trial court are therefore affirmed.