WALTER E. HARKE, Respondent, v. FRED B. EWALD, Appellant.

(200 N. W. 1009.)

**Damages — evidence — witness familiar with real estate values in community competent to testify as to value; measure of damages for injuries to realty stated.**

In an action to recover for damage done to realty, it is held for reasons stated in the opinion that:

(a) Persons living in the community and who are more or less familiar with real estate values were competent to testify.

(b) The proper measure of damages under § 7165, Compiled Laws of 1913,

Note.—Competency of witness, as to value of real estate, see 8 R. C. L. 646.

is the detriment proximately caused by the injury to the realty and in the absence of evidence as to the cost of reparation the damages may properly be measured by the difference in the value of the real estate before and after the injury.

Opinion filed June 23, 1924.   Rehearing denied December 4, 1924.

Damages, 17 C. J. § 187 p. 881 n. 51.   Evidence, 22 C. J. § 686 p. 588 n. 85.

Appeal from the District Court of Grant County, *Berry, J.* Affirmed.

*A. T. Faber* and *Vincent Hogan,* for appellant.

*Jacobsen & Murray,* for respondent.

BIRDZELL, J.   This is an appeal from a judgment in favor of the plaintiff and from an order denying a new trial.   The action is one to recover damages alleged to have been sustained by the plaintiff through water accumulating in the basement of his store building in New Leipzig, which is alleged to have been caused by the condition in which the defendant maintained the adjacent premises.   The facts are as follows: The plaintiff operated a general mercantile business in a building owned by him upon Lot 3 in Block 5 of the village of New Leipzig, the building being a one story or one and a half story building, resting upon a cement or concrete foundation and having a basement which required an excavation of about four feet.   The defendant was the owner of Lots 1 and 2 in Block 5, which were adjacent to the plaintiff's property and lying immediately north.   Upon the defendant's property there was an excavation which was approximately two feet deeper than the excavation upon the plaintiff's property.   Between the plaintiff's building and the excavation upon the defendant's property, there was, prior to 1919, some two feet of earth and a stone basement wall.   The defendant some time in the year 1919 caused this stone wall to be removed and the dirt which had been standing between the plaintiff's and the defendant's basement walls gradually crumbled down.   There was evidence that in the removal of this stone wall dynamite was used, causing one or more cracks in the plaintiff's wall.   There was further evidence that the defendant in 1922 permitted water to accumulate in the excavation to considerable depth and that as a result it seeped into

the basement of the plaintiff's store building, causing damage to merchandise stored therein and causing the north wall of the plaintiff's building to settle so that the plate glass front was broken and the building very materially damaged otherwise. The jury awarded the plaintiff a verdict for $3,800.00.

Upon the trial the plaintiff and various witnesses for the plaintiff testified that the value of the building, before the damage complained of was done, was approximately $10,000, and that after the damages had been sustained it was approximately $4,000 to $6,000. The appellant complains of this evidence for the reason that in the complaint the plaintiff claims no damage to "his free-hold estate or real estate" and for the reason that the witnesses so testifying, or some of them, had not shown themselves qualified to testify as to the value. Obviously, we think, there is no merit in the first reason assigned for excluding such evidence. The damage to the building is, of course, damage to the real estate. As to the remaining reason, the record shows that the witnesses who testified to the value had had experience in selling building materials, in figuring costs of materials entering into the construction of the building or were real estate owners in the village of New Leipzig who were more or less familiar with real estate values in the locality. We think no error was committed by the trial court in permitting various witnesses thus qualified to testify upon the question of the value of the plaintiff's building.

It is next urged that the court erred in instructing the jury that the measure of the plaintiff's damages was the difference between the value of the store building prior to the injury and its value afterwards, or the decrease in the value of the property. Section 7165, Comp. Laws 1913, states the general rule of damages applicable in such cases as follows:

"For the breach of an obligation not arising from contract the measure of damages, except when otherwise expressly provided by this code, is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not."

It is contended that the detriment occasioned by this injury is not properly measured by the difference between the value of the real estate, particularly the building, before and after, but what it would cost to restore the wall or the building to its prior condition. There is no

evidence in the record as to the cost of reparation and, in the absence of such evidence, we are of the opinion it should be assumed that the cost of restoration would be approximately the equivalent of the diminution in value. In other words, where witnesses testify to the diminution in value, it is reasonable to suppose that in forming their judgment they have taken into consideration what it would cost to restore the building to its former condition. Furthermore the principal objection urged to the introduction of the evidence went to the foundation, and, while it was suggested that the evidence of value was an improper measure of damages, no other measure was proposed. Indeed, in presenting the defendant's case, the measure established in the plaintiff's evidence was apparently adopted as correct, for various witnesses were asked as to their knowledge of real estate values in New Leipzig, and as to the property in question. One witness, Alex Eberhard, who was engaged in the banking and real estate business and owned the bank building next door to the plaintiff's property in his examination in chief, testified as follows:

Q. Are you at the present time familiar with the market value of real estate in the village of New Leipzig? A. Yes.

Q. Can you tell us the market value of the Harke store in the spring of 1922? A. I could not tell you exactly.

Q. Approximately? A. Approximately, say between four and five thousand dollars.

Q. What would you say the fair market value of that building is at the present time? A. I would say about four thousand dollars.

Another witness, John Zweber, who was engaged in the banking and insurance business, testified:

Q. Are you acquainted with the market value of real estate in the village of New Leipzig in the year 1922? A. There has not been any selling. I have an idea of the value of it.

Q. Have you an idea of the value of business property at the present time in New Leipzig? A. Yes.

Q. Can you state what the market value of the Harke building was in the early part of 1922? A. About five thousand dollars approximately.

Q. What would you say the market value of the Harke building is at the present time? A. I have not noticed any particular change.

· Q. What would be the market value of it in your opinion? A. About the same.

In view of the fact that all the evidence relating to value, for both plaintiff and defendant, tended to prove the diminution in value and that there is· no showing that the cost of reparation would be any more favorable to the defendant, we are clearly of the opinion that there was no error in giving the instruction complained of. Finding no prejudicial error in the record, the judgment and order appealed from must be affirmed. It is so ordered.

BRONSON, Ch. J., and JOHNSON, CHRISTIANSON, and NUESSLE, JJ., concur.