NELSON, et al, Respondents, v. CONSOLIDATED SAND & STONE COMPANY, Appellant.

(245 N. W. 253.)

(File No. 7297. Opinion filed November 18, 1932.)

*W. O. Knight* and *Teigen & Davis,* all of Sioux Falls, for Appellant.

*Tom Kirby,* of Sioux Falls, for Respondents.

WARREN, J. The plaintiffs instituted an action against the defendant to recover damages to plaintiffs' property located northeast of Sioux Falls and east of the Big Sioux river in Minnehaha county, S. D. It would seem that plaintiffs' farm is well suited to raising crops, and that there is considerable evidence showing that it has good and fertile black soil, and that a portion of the land was being destroyed on account of the accumulation of gravel and sand thereon by reason of the flow of sandy water from defendant's sand plant located on a hill to the east of plaintiffs' real estate, where the defendant company was engaged in digging sand and washing the same with water, which operations had continued for at least four years. There is considerable evidence as to the damages resulting from the flowing of said water, carrying particles of gravel to and upon the land, and damaging the crops growing thereon, and the fertility and productiveness of the soil. Plaintiffs recovered damages in the sum of $1,900, and the court, through its findings, conclusions, and judgment, in addition to a money judgment, entered a permanent injunction against the defendant restraining it from further flowing the waste water containing the particles of sand and other foreign elements upon the plaintiffs' land.

The defendant has appealed to this court upon several grounds, and at the outset we will consider the two main grounds in its assignments of error. The defendant cites sections 8260 and 8261 of the Revised Code of South Dakota for 1919, requiring that a person sustaining injury through flowage of water shall give thirty days' notice before commencing an action for damages thereon; and in another group of assignments defendant states that the judgment is not supported by the evidence, not supported by the findings, and not supported by proper conclusions of law or the law.

Sections 8260 and 8261 of the 1919 South Dakota Revised Code both pertain to damages for flooding and damaging property

belonging to others, and provide that notice of damage shall be given by the person sustaining the injury; but said sections have no bearing whatever to the cause of action founded upon the destruction of respondents' property by the running of overflow from appellant's plant thereon.

Appellant urges that there is no evidence in the record to sustain damages as to the diminished value of plaintiffs' land as affected by the deposit made by water from the defendant's plant during the period covered by plaintiffs' cause of action. In this case there is testimony showing damages to the freehold in the destruction of the rich black soil by mixing a foreign element or substance such as gravel or silt into it and the damages suffered by the plaintiffs in the destruction of the crops growing thereon extending over a period of some four years. The amount of damages awarded by the court is not excessive, and is, we believe, sustained by the evidence. The law governing damages to real property is well established in this state by previous decisions. Judge Corson in Chudy v. Larkin, 27 S. D. 86, 129 N. W. 755, in a well-considered opinion, established the rule that, to prove damages sustained to property, one may show the value of the premises before and after the injury. In his opinion, he cited an earlier case, Bailey v. Chicago, M. & St. P. Ry. Co., 3 S. D. 531, 54 N. W. 596, 19 L. R. A. 653, which discusses the rules to be applied as measure of damages to real estate, trees, and shrubbery growing thereon. The court also quoted from White v. Chicago, M. & St. P. Ry. Co., 1 S. D. 326, 47 N. W. 146, 149, 9 L. R. A. 824. See Harke v. Ewald, 51 N. D. 828, 200 N. W. 1009.

An examination of the evidence discloses the fact that there was a sharp conflict in the evidence. The record before us discloses certain evidence, in substance, as follows: "That the respondents' owned 160 acres of land, 65 acres of land was bottom land between the Brandon road and the Sioux River, and the balance lay adjoining the appellant's land. The appellant operated a sand elevator where they washed sand and gravel. The used when operating at full capacity some 700 gallons of water per minute. Respondents' land was nice black soil, that after appellant built its plant it made the practice of running the over-flow therefrom upon respondents' land. Before the appellant started to oper-

ate its plant there had been no over-flow or sediment upon their land but after appellant commenced operations particles of sand and gravel were deposited upon respondents' fields and they could grow in some portions nothing but weeds; that in some places the gravel was a foot and a half deep. This gravel all came from defendant's place. They never had any gravel there before. Water containing gravel and other substance ran from appellant's place on to respondents' land nearly all summer of 1930. It created such a slush that respondents could not cultivate their potatoes. The water had been running over the land·from the plant for the last four years and during that time it had deposited gravel and clay upon the land. It had destroyed the black soil. They could not raise a crop like they used to; weeds were about all they could raise from the land; that the land was worth $200.00 an acre before they ran the stuff onto it; that it diminished and was worth only $125.00 per acre, entailing a loss of $75.00 per acre; that the land was located three and one-half miles from Sioux Falls; that the ditch that was running through the land was not there before the appellant ran water through it. It was made from water from the plant. The water had been coming down from the plant about four years; that it brought a sand slush and a kind of gravel on the land. No sand had been carried from the hill upon respondents' land until after appellant had built its plant; on certain occasions the whole output from appellant's plant came on to respondents' property without even going into the reservoir."

The foregoing is a brief synopsis of some of the evidence which, if believed by the court, would amply sustain the $1,900 judgment and the restraining order, and, as to the matter of whom and what witnesses the court would believe, it was in a much better position than this court would be in judging and deciding what witness told the truth, and for that reason we cannot disturb the findings of fact made by the trial court. In Bates v. Smith, 48 S. D. 602, 604, 205 N. W. 661, we said: "While this court may review the evidence and questions of fact, as well as law, where proper exceptions have been taken in a case tried to the court, the findings of the trial court will not be disturbed, unless there is a clear preponderance of the evidence against such findings. Gingles et al v. Savings Bank, 33 S. D. 351, 146 N. W. 596; First Nat. Bank v. McCarthy, 18 S. D. 218, 100 N. W. 14; Murphy v. Dafoe,

18 S. D. 42, 99 N. W. 86; Tom Sweeney Hardware Co. v. Gardner, 18 S. D. 166, 99 N. W. 1105; Reagan v. McKibben, 11 S. D. 270, 76 N. W. 943; Larson v. Dutiel, 14 S. D. 476, 85 N. W. 1006; International Harvester Co. v. McKeever, 21 S. D. 91, 109 N. W. 642; Clark v. Else, 21 S. D. 112, 110 N. W. 88; Peever Merc. Co. v. State Mutual Fire Ass'n, 23 S. D. 1, 119 N. W. 1008, 19 Ann. Cas. 1236; Empson v. Reliance Gold Min. Co., 23 S. D. 412, 122 N. W. 346; Breeden v. Martens, 21 S. D. 357, 112 N. W. 960; Mead v. Mellette, 18 S. D. 523, 101 N. W. 355. We have carefully reviewed the evidence, and are convinced that it is sufficient to support the findings of the trial court."

We have carefully examined the pleadings, the record, and argument presented by appellant and the additional abstract and respondents' brief concerning the other assignments of error urged by appellant, and, after giving the same careful attention, we are of the opinion that the errors complained of are not prejudicial and that the findings, conclusions, and judgment of the trial court must stand.

The order and judgment appealed from are affirmed.

CAMPBELL, P. J., and POLLEY, ROBERTS, and RUDOLPH, JJ., concur in result.