## BATES et al, Appellants, v. SMITH et al, Respondents.

### (205 N. W. 661.)

(File No. 5488. Opinion filed October 28, 1925.)

1. **Appeal and Error—Trial—Evidence—Findings—Findings of Trial Court Not Disturbed, Unless Clear Preponderance of Evidence Against Them.**

   While Supreme Court may review the evidence and questions of fact, as well as law, where proper exceptions have been taken in a case tried to the court, findings of trial court will not be disturbed, unless there is a clear preponderance of evidence against them.

2. **Vendor and Purchaser—Estoppel—Purchasers, by Accepting Title Without Examination, Waived Right to Rescind Because of Defects in Title.**

   Purchasers waived right to rescind because of defects in title, though vendors were bound to make title good, where purchasers agreed to accept title without examination.

3. **Vendor and Purchaser—Rescission—Waiver—Purchaser Not Entitled to Rescind Contract for Sale of Land Because of Recital in Deed of Mortgage Not Appearing of Record.**

   Purchaser held not entitled to rescind contract because of a recital in a deed of a mortgage which did not appear of record, where, if lapse of time had not barred rights of holder thereunder, action to quiet title brought by vendor, in which unknown claimants were made parties, had had that effect.

4. **Specific Performance — Equity — Rescission—Rescission Decreed When Specific Performance of Contract Denied.**

   Generally, when specific performance of a contract is denied, chancery will decree its rescission.

5. **Specific Performance—Trial—Equity—Decision in Refusing Specific Performance Is Limited to Question of Contract's Enforceability in Equity.**

   In determining that a contract should be rescinded, court in effect decides that it should not be enforced either in equity or at law, but, in refusing specific performance of a contract, decision is limited to question of its enforceability in equity, leaving open inquiry as to its binding effect at law.

6. **Specific Performance — Damages — Equity — Right Founded in Equity; Granted When Damages Are Inadequate Remedy.**

   Right to specific performance is founded in equity, and a decree for such relief is given instead of damages when by this means a court can do more perfect and complete justice.

**7. Specific Performance—Merchantable Title—Rescission—Vendors, Without Merchantable Title, Held Not Entitled to Remedy.**

Vendors held not entitled to specific performance of contract for sale of land, where they did not have good and merchantable title at time purchasers made earnest money payment, and had not acquired such title when suit was commenced by purchasers for rescission, nor when they sought specific performance, and land in meantime having greatly decreased in value.

Appeal from Circuit Court, Davison County; Hon. Frank B. Smith, Judge.

Action by Adam K. Bates and another against Arthur F. Smith and others. From a judgment for defendants and order denying motion for new trial, plaintiffs appeal. Affirmed in part, and reversed in part, with directions.

*Gardner & Churchill,* of Huron, for Appellants.

*Herbert E. Hitchcock* and *Miller & Mitchell,* all of Mitchell, for Respondents.

(1) To point one of the opinion, Respondent cited: Gigles v. Savings Bank, 33 S. D. 351, 146 N. W. 596; First National Bank v. McCarthy, 18 S. D. 218; Murphy v. Dafor, 18 S. D. 42, 99 N. W. 86; Tom Sweeney Hardware Co. v. Gardner, 18 S. D. 42, 99 N. W. 86; Reagan v. McKibben, 11 S. D. 270, 76 N. W. 943; Larson v. Dutrel, 14 S. D. 476, 85 N. W. 1006; International Harvester Co. v. McKeever, 21 S. D. 91, 190 N. W. 642; Clark v. Else, 21 S. D. 112, 110 N. W. 88; Peever Merc. Co. v. State Mutual Fire Ass'n, 23 S. D. 1, 119 N. W. 1108; Empson v. Reliance Gold Mining Co., 23 S. D. 412, 122 N. W. 446; Breeden v. Martens, 21 S. D. 357, 112 N. W. 960; Mead v. Mellette, 18 S. D. 523, 101 N. W. 355.

(7) To point seven, Appellant cited: Saunders v. Erickson (S. D.), 189 N. W. 116; Ontjes v. Thomas, 45 S. D. 425; Yarosh v. Sanders, 45 S. D. 377; Keller v. Garneaux, 40 S. D. 53; Hauert v. Kaufman, 45 S. D. 132; Swallow & Co. v. Kolterman (S. D.), 192 N. W. 720; Voorhees v. Baier (Ia.), 191 N. W. 125; Jones v. Tschetter (S. D.), 194 N. W. 839.

BURCH, C. Plaintiffs, claiming to have rescinded their contract of purchase of certain Davison county land, bring this action to recover the earnest money paid thereon. Defendants in turn seek specific performance of the contract. The case was tried to

the court without a jury, decision and judgment were entered in favor of the defendants, denying recovery of the purchase money to the plaintiffs, and decreeing specific performance of the contract. From this judgment and from the order denying a motion for new trial, the plaintiffs have appealed.

[1] Appellants complain of the findings of the court upon all disputed issues. While this court may review the evidence and questions of fact, as well as law, where proper exceptions have been taken in a case tried to the court, the findings of the trial court will not be disturbed, unless there is a clear preponderance of the evidence against such findings. Gingles et al v. Savings Bank, 33 S. D. 351, 146 N. W. 596; First Nat. Bank v. McCarthy, 18 S. D. 218, 100 N. W. 14; Murphy v. Dafoe, 18 S. D. 42, 99 N. W. 86; Tom Sweeney Hardware Co. v. Gardner, 18 S. D. 166, 99 N. W. 1105; Reagan v. McKibben, 11 S. D. 270, 76 N. W. 943; Larson v. Dutiel, 14 S. D. 476, 85 N. W. 1006; International Harvester Co. v. McKeever, 21 S. D. 91, 109 N. W. 642; Clark v. Else, 21 S. D. 112, 110 N. W. 88; Peever Merc. Co. v. State Mutual Fire Ass'n, 23 S. D. 1, 119 N. W. 1008, 19 Ann. Cas. 1263; Empson v. Reliance Gold Min. Co., 23 S. D. 412, 122 N. W. 346; Breeden v. Martens, 21 S. D. 357, 112 N. W. 960; Mead v. Mellette, 18 S. D. 523, 101 N. W. 355. We have carefully reviewed the evidence, and are convinced that it is sufficient to support the findings of the trial court.

The rights to rescind the contract is claimed upon three grounds, namely: That defendants did not deposit or tender a deed executed by all members of the firm; that neither the firm nor any member had a merchantable title, or furnished or deposited an abstract showing a good title; and that the tract did not contain 405.27 acres, but contained only 396.16 acres. The contract was made July 7, 1919, and provides for a payment of $2,000 at the date of the contract, with a further payment of $6,000 on or before March 1, 1920, the balance of the purchase price to be paid by appellants assuming a $10,000 first mortgage on each quarter section and giving a second mortgage on the entire tract of $22,658.75. Appellants paid $10,658.75 on March 13, 1920, leaving the balance $18,000 to be represented by the second mortgage. The contract contains this clause:

"This deal to be closed out through the Mitchell National

Bank by the first parties depositing therein a warranty deed and abstract showing good and merchantable title, free and clear of all incumbrances up to and including March 1, 1920, except the two mortgages· of $10,000 each, one ˙on the northeast quarter, one on the southeast quarter, to be delivered to the second parties when they make the further payment of $6,000 and execute the note and mortgage for $22,658.75 above mentioned."

The court found, among other things, that the defendants offered and tendered to the plaintiffs two abstracts of title to said land and demanded that they execute and deliver a note ar·i mortgage for $18,000 bearing interest and becoming due as provided in the contract; that Adam K. Bates and wife did sign said note and mortgage, and that Chancy B. Bates refused and still refuses to do so; that at the time of tendering the abstract of title defendants offered to deliver the same to plaintiffs for examination, and that the plaintiffs thereupon said that, if the title was good enough for defendants, it was good enough for them, and that they did not wish to go to the expense of having said abstract examined; that thereupon defendants delivered abstracts to the Mitchell National Bank to be delivered to the plaintiffs whenever they should ·call for same, and on the 17th of June, 1920, the defendant Arthur F. Smith· and wife executed and delivered to the said bank a warranty deed conveying the said land to plaintiffs to be delivered to plaintiffs upon the execution and delivery of the note and mortgage by plaintiffs; that plaintiffs made no objection to .the deed from Arthur F. Smith and wife and did not refuse to accept the deed on the ground that it was not executed by all the defendants; that plaintiffs did not take said abstracts from the Mitchell National Bank until about the 10th of March, 1921, and on the 23d of March, 1921, plaintiffs served upon defendants a notice attempting to rescind said contract; that up to the 10th of March, 1921, the plaintiffs had not examined said abstracts of title, nor had them examined, nor had they made any objection to the title to said land before serving said notice of rescission; that the ab⁊ stract of title to the S. E. ¼ of section 6, Tp. 104, R. 60, showed a ˙merchantable title in the defendant Arthur F. Smith, but the abstract to lots 1 and 2 and the S. ½ of N. E. ¼ of said section 6 did not show a merchantable title in defendants; that, immedi-

ately upon plaintiffs' objection to said title, the defendants took necessary steps to make said title merchantable and instituted an action to quiet title in the name of Arthur F. Smith against the heirs, devisees, and legatees of Abigail 'A. Palmer, deceased, et al, including all unknown persons claiming title to any of said land, and the defect in said title was remedied and cured by the defendants in a reasonable time after the objection was made thereto; that plaintiffs took possession of said land March 1, 1920, and continued in possession until commencement of this action, when they abandoned the same; that at the time the contract was entered into the land was reasonably worth $125 per acre and that at the time of the attempted rescission it was worth much less and there was no ready market for it; that plaintiffs, by their conduct at the time the abstracts of title were first offered to them, waived any defect in the title to said lands or any part thereof; that plaintiffs were guilty of laches in failing to have said abstracts examined and in failing to make objection to said title until March 16, 1921, and thereby they are estopped from rescinding said contract; and that there are 405.27 acres in said two tracts of land.

[2] While the court may have erred in its conclusion that defendants waived any defect in the title, we are satisfied that defendants waived their right to rescind because of any defect. Defendants were bound to make the title good under their contract (which duty they recognized), but plaintiffs, having agreed to accept the title without examination, were only entitled to have the defect remedied upon its discovery or damages for breach of warranty; the warranty was no longer a condition precedent entitling them to rescind. Appellants' objection to the holding of the trial court that defendants had a reasonable time in which to perfect title after objections were made is answered in the foregoing reason. The question of whether or not a vendor, who cannot deliver title at the time specified in his contract, has a reasonable time in which to perfect title after defects are pointed out, is not presented in this case, and need not be decided by us.

[3] Objection is made to the condition of the title at the time of the trial because of a recital in a deed of a $300 mortgage which does not appear of record. The deed containing this recital was executed in 1889, and, if the lapse of time has not barred the rights of the holder of such mortgage, we are satisfied

that the action to quiet title in which unknown claimants were made parties has had that effect. The court did not err in denying the plaintiffs the relief prayed for.

[4-6] But it does not necessarily follow that, because plaintiffs did not have the right to rescind, that under the facts of this case the defendants had right to specific performance. Generally, when specific performance of a contract is denied, chancery will decree its rescission. 25 R. C. L. 204; 34 L. R. A. 283. However, courts of equity are governed by different rules in determining whether a contract should be specifically enforced and in deciding whether it should be canceled. In determining that a contract should be rescinded, the court, in effect, decides that it should not be enforced either in equity or at law, but, in refusing specific enforcement of a contract, the decision is limited to the question of its enforceability in equity, leaving open the inquiry as to its binding effect at law. 25 R. C. L. 205. The right to specific performance is founded in equity and a decree for such relief is given instead of damages when by this means a court can do more perfect and complete justice.

[7] The fact that the vendors did not have a good and merchantable title at the time the plaintiffs made the earnest money payment and had not acquired such title when suit was commenced, nor at the time when they filed their amended answer seeking specific performance, together with the great change in the value of land and the unusual business depression throughout the state, arising after the execution of the contract, are circumstances which we think render it inequitable to grant to the defendants specific performance, and that justice will be best served by leaving the parties to their respective remedies at law.

The judgment of the circuit court decreeing specific performance is reversed, with direction to dismiss the action. No costs will be taxed in this court.

Note.—Reported in 205 N .W. 661. See, Headnote (1), American Key-Numbered Digest, Appeal and Error, Key-No. 1012(1), 4 C. J. Sec. 2853; (2) Vendor and Purchaser, Key-No. 143, 39 Cyc. 1524; (3) Vendor and Purchaser, Key-No. 144(1), 39 Cyc. 1534; (4) Specific Performance, Key-No. 130, 36 Cyc. 752; (5) Specific Performance, Key-No. 130, 36 Cyc. 758; (6) Specific Performance, Key-No. 1, 5, 35 Cyc. 543, 544; (7) Specific Performance, Key-No. 95, 36 Cyc. 694.