RAFFAELE MACCHIA, Appellant, *v.* RAFFAELE MARSIGLIANO, Respondent.

Supreme Court, Appellate Term, First Department, March 18, 1926.

Trial — instructions — two causes of action for money loaned — defendant admitted first cause but pleaded payment and denied second cause — error to instruct jury that if evidence was evenly balanced verdict should be for defendant — error to instruct that if jury found that witness willfully testified falsely in one particular, it was under duty to disregard his entire testimony.

In an action for money loaned, in which the complaint alleges two causes of action, and the defendant as to the first cause of action admits the loan but pleads

payment and as to the second cause of action denies the loan, it is error for the court to charge the jury that if the evidence is evenly balanced the verdict must be for the defendant, since as to the first cause of action the defendant had the burden of establishing payment by a preponderance of evidence, and as to that cause of action if the evidence was evenly balanced the verdict should be for the plaintiff.

It was error for the court to charge that if the jury found that any one of the witnesses had willfully testified falsely in any particular, it was the clear duty of the jury to disregard the entire testimony of such a witness, for a jury is not compelled to disregard the testimony of a witness who has willfully testified falsely in one particular, but it may do so in its discretion.

APPEAL by plaintiff from a judgment of the Municipal Court, Borough of Manhattan, Fourth District, in favor of the defendant.

*Wechsler & Wechsler* [*Samuel Wechsler* of counsel], for the appellant.

*Guido J. Giudici*, for the respondent.

WAGNER, J.  The plaintiff instituted suit against the defendant upon two causes of action for money loaned.  The first involves a business deal in which the sum of $1,675 was paid to the defendant, at his request, under a promise to repay the same, as to which it was alleged that there was a balance of $400 due and owing.  The second cause of action was for moneys claimed to have been paid to another at the defendant's instance and request, under an agreement of repayment.  The defendant on the trial admitted the loan as set forth in the first count and pleaded, as well as produced evidence upon, the defense of payment, and denied the plaintiff's claim as set forth in the second count.  After trial the jury returned a verdict for the defendant on both counts, and from the judgment entered thereon the plaintiff presents this appeal relying upon an alleged misdirection and erroneous instruction of the trial justice in his charge upon matters of law.  We find that several of the objections raised stand upon a solid footing necessitating the granting of a new trial.  In the main charge the jury were properly directed that the burden of proof as to the defense of payment interposed to the first count was upon the defendant, while the burden with respect to the second count was upon the plaintiff.  Thereafter the further instruction was given that if the jury found that willfully false testimony was given upon both sides and the scales hung evenly balanced between the plaintiff and the defendant then the verdict must be for the defendant.  This instruction failed to meet the necessities of the case, for since the defendant admitted the loan on one branch and pleaded payment the evenness of the testimony in that respect would evidence his failure to establish the defense and authorize

a verdict for the plaintiff. The jury, therefore, on a vital aspect of the case and essentially decisive to the determination of the respective rights of the parties on the first cause of action, were given contrary instructions of law and were without definite tests or standards with which to admeasure the litigants' rights. At its conclusion the plaintiff's counsel took appropriate exception to the portion of the charge referred to and requested a charge as follows: " As to the first cause of action, that for the $400, the only issue is, as to payment; that the loan is conceded and that the only question is, was it paid or was it not paid, and on that the burden of proof is upon the defendant, and if it is evenly balanced they must find a verdict for the plaintiff for that $400."

This request was declined except as already charged and exception was noted. The confusion theretofore engendered and which the request would have dispelled and eliminated was, by the refusal, reaffirmed. We hold that such state of the record vitiates any finality the verdict might otherwise have as to the cause of action concerned. The decision on the second count was similarly destroyed as well by an erroneous instruction on the effect of willfully false testimony. The character of the testimony warranted an observation on this phase of the law and it was charged, under exception, that if it was found that any one of the witnesses had willfully testified falsely in the case it was the clear duty of the jury to disregard the entire testimony of such a witness. The injunction of the law is not so comprehensive or conclusive. The right of discrimination is still open to the triers of the facts. Under such circumstances and while useful as a maxim of logic, " *falsus in uno, falsus in omnibus* " is not an imperative rule as a matter of law.

For the above reasons the judgment is reversed and a new trial granted, with thirty dollars costs to the appellant to abide the event.

All concur; present, WAGNER, LYDON and LEVY, JJ.