# CASES

## ARGUED AND DETERMINED

### IN THE

# Supreme Court of South Dakota

BRUCE, Appellant, v. McCOUN, County Treasurer, et al, Respondents.

(211 N. W. 690.)

(File No. 6165.   Opinion filed January 12, 1927.)

**Appeal and Error—Findings Supported by Substantial Evidence Will Not Be Disturbed, in Absence of Plain Preponderance Against Them.**

Findings of trial court will not be disturbed, where supported by substantial evidence and there is no plain preponderance against them, notwithstanding that evidence is conflicting.

Note.—See, Headnote, American Key-Numbered Digest, Appeal and error, Key-No. 1012(2), 4 C. J. Sec. 2853.

Findings of trial court presumed correct unless opposed to preponderance of evidence, see 2 R. C. L. 203; 1 R. C. L. Supp. 444; 4 R. C. L. Supp. 91; 5 R. C. L. Supp. 81; 6 R. C. L. Supp. 75.

Appeal from Circuit Court, Yankton County; HON. R. B. TRIPP, Judge.

Suit by W. L. Bruce against Jesse D. McCoun, as County Treasurer of Yankton county, and another. From a judgment for defendants and an order denying a new trial, plaintiff appeals. Affirmed.

*Bogue & Bogue*, of Parker, for Appellant.

*Clark & Henderson,* of Yankton, for Respondents.

MORIARTY, C.   Appellant owns two lots at the corner of Fourth and Locust streets, in the city of Yankton.   Fourth street is an east and west street, and Locust a north and south street. Appellant's lots involved in this appeal lie west of Locust street, fronting on that street, and the south lot has its side line abutting on Fourth street.   The north and south street next west of Locust is Green street.

During the year 1916 the city caused a concrete pavement to

be constructed on that part of Fourth street lying between Locust and Green streets, and appellant's lots were charged with a special assessment for their share of the cost of the paving. This charge was to be paid in five annual installments. Appellant paid two of these installments, making a record that the payments were made under protest. Upon appellant's failure and refusal to make any further payment, the county treasurer began proceedings to sell the property for the delinquent tax, and appellant brought this suit to restrain the sale proceeding.

Appellant's complaint alleges that in constructing the paving the city raised the grade level of Fourth street, causing flood waters to be thrown upon appellant's lots, thereby damaging his property for a public use without first having compensated appellant for such damages, thus rendering the placing of the pavement on such raised grade an illegal act and depriving the city of the right to charge the property with a special assessment for any part of the cost of paving.

The answer of the defendants denies that the grade of Fourth street was raised when the pavement was constructed thereon, or that appellant's property was damaged by any of the acts alleged in the complaint. It is admitted that no compensation for the taking or damaging of appellant's land was ever fixed or paid by the city.

The case was tried to the court without a jury, and the trial court made findings and conclusions in favor of the defendants and entered judgment in accordance therewith.

From said judgment and from an order denying a new trial, this appeal is taken.

While appellant's brief contains several assignments of error, that brief also contains the statement that, if there is evidence to support finding No. 7 of the findings of fact made by the trial court, "then the plaintiff has no reason to complain, and the judgment of the court should be affirmed."

Finding No. 7, thus referred to, is as follows:

"That the defendant city has made no substantial change in the grade along Fourth street in front of or abutting the plaintiff's property, and that said paving was constructed substantially along the established and fixed grade, and that, under the evidence, the variation at the intersection of Fourth street and Locust street is

but a fraction of an inch; viz., five-tenths of an inch, and at the intersection of Fourth and Green streets the variation does not exceed .03 of a foot from the natural grade. Natural grade is only the surface of ground, not an established grade."

As there is no other question presented except that of the sufficiency of the evidence to support this finding, no question of law is involved in this appeal.

The record contains much evidence of a technical character, consisting of the testimony of engineers as to levels taken and computations made. Records of several city ordinances also were put in evidence. As this evidence cannot be helpful in any future litigation, there can be no advantage of setting it forth in this opinion.

We have carefully examined this evidence, and, while there is considerable conflict therein, we are satisfied that there is substantial evidence to support the findings of the trial court, and there does not seem to be any plain preponderance of evidence against them.

Under such circumstances, this court will not disturb the findings made by the trial court. These findings amply support the judgment.

We find no reversible error in the record, and the judgment and order appealed from are affirmed.