CITIZENS' STATE BANK OF TROSKY, Respondent, v.
CHRISTIANSEN, Appellant.

(217 N. W. 203.)

(File No. 6170.   Opinion Filed December 28, 1927.)

*Berdahl & Hyland,* of Sioux. Falls, for Appellant.

*Lynch & Doyle,* and *Eugene C. Mahoney,* all of Sioux Falls, for Respondent.

MORIARTY, C.   The respondent bank began this action for the foreclosure of a chattel mortgage covering a Franklin automobile owned by the appellant.   The case was tried to the court without a jury.   The court found the facts to be as follows:

On September 25, 1924, defendant's husband, Nels K. Christiansen, was indebted to the plaintiff bank in the sum of $1,507.22, by reason of an overdraft.

On said 25th day of September, 1924, the defendant made and delivered to Hans Carstensen and F. M. Conklin her promissory note in the sum of $1,510 payable to the said Carstensen and Conklin, due December 24, 1924, and bearing interest at 8 per cent.   At the time of the making and delivery of the said note, and to secure the payment thereof, the defendant executed and delivered to the payees of said note a chattel mortgage covering the Franklin automobile in controversy, which was then the property of the defendant.

At the time of said transaction Carstensen and Conklin were officers of the plaintiff bank, and the note and mortgage were given in payment of the aforesaid overdraft of the said Nels K. Christiansen.   At the time of the execution and delivery of the said note and mortgage said Nels K. Christiansen was given credit on the books of the plaintiff bank in the sum of $1,510 covering the full amount of his overdraft and leaving a balance of $2.78, which is still standing to his credit on the books of the bank.   The note and mortgage were taken in the name of the bank's officers, but were from the beginning the property of the bank.   The note is negotiable in form, and the mortgage is in the form prescribed by the statute for chattel mortgages.   It bears the names of two witnesses, and contains, above the signature of mortgagor, an acknowledgment of the receipt of a true copy of the mortgage.

From these findings the trial court concluded that the note and mortgage were given for a valid consideration and are good, valid, and binding obligations, entitling the plaintiff to a decree of

foreclosure and personal judgment against the defendant for any deficiency remaining after the net proceeds of the mortgage sale are applied upon the mortgage debt.

From a judgment entered in accordance with said findings and conclusions, and from an order denying a motion for a new trial, this appeal is taken.

In their brief appellant's counsel assign as error the trial court's findings that the note was given in payment of the overdraft of Nels K. Christiansen, and that the chattel mortgage signed by appellant is a good and valid mortgage lien upon the automobile described therein.

Counsel argue that the evidence is insufficient to support the finding that the note and mortgage were given in payment of the overdraft. The evidence upon that point is somewhat conflicting, but there is ample evidence to support the finding that the note and mortgage were given to pay the overdraft. The trial court saw fit to believe the evidence of plaintiff's witnesses, and there is no plain preponderance against the finding. Under such circumstances the findings of the trial court will not be disturbed by this court. Bruce v. McCoun, 50 S. D. —, 211 N. W. 690; Bates v. Smith, 48 S. D. 602, 205 N. W. 661, and numerous cases there cited.

As to the finding that the mortgage in controversy is a valid lien on the car, that finding is attacked upon two grounds: First, that it was agreed between the parties that the mortgage and note were delivered only to make a showing to the examiner and would not be enforced; second, that the undisputed evidence shows that no copy of the mortgage was delivered to the mortgagor at the time of its execution.

As to the first of these contentions, the evidence of plaintiff's witnesses is that there was no understanding that the note and mortgage were to be anything other than the plain provisions of said instruments show them to be. As the evidence upon that point is conflicting and there is no plain preponderance of the evidence against it, this court will not disturb the finding of the trial court.

As to the failure to deliver to the mortgagor a true copy of the mortgage, the evidence shows that the mortgage was prepared and signed at appellant's residence, that on'y one person

signed as a witness at that time, and that no copy was at that time delivered to appellant. Mr. Conklin, to whom appellant delivered. the mortgage, testified that, as he was driving down town from appellant's residence in Sioux Falls, he met one Hanson, who knew appellant's signature, and that Hanson signed the mortgage as a witness to said signature. And Conklin further testified that when he got back to Trosky he mailed a copy of the mortgage to the appellant. Appellant denied that she ever received a copy.

Appellant's counsel contend that the failure to deliver a copy of the mortgage at the time of its execution renders the mortgage void, and, in support of that contention, they cite sections 1578 and 1579 of the Revised Code of 1919, also the decision of this court in Walklin v. Horswill, 24 S. D. 191, 123 N. W. 668.

Section 1578, R. C. 1919, provides: .

"Every mortgagee of a chattel mortgage shall at the time of its delivery make and deliver to the mortgagor a full, true and complete copy of such mortgage."

It will be observed that this section does not provide any penalty for a failure to comply with its provisions. It does not declare that a mortgage shall be void because of a failure to deliver a copy thereof to the mortgagor.

In passing upon a somewhat similar provision of the California Code, the Supreme Court of that state has held that the provision that a money loaner shall give the borrower a memorandum of the transaction imposes upon the loaner a statutory duty to be performed by him when the loan is made, but after the instrument taken as security is executed, and that the failure to perform that duty does not invalidate the contract in the absence of a statutory provision to that effect. Wood v. Krepps, 168 Cal. 382, 143 P. 691, L. R. A. 1915B, 851.

The rule enunciated in Wood v. Krepps, supra, applies directly to the instant case. Our statute provides for a statutory duty, to be performed after the execution of the mortgage, and there is no provision that a failure to perform that duty shall render the mortgage void.

But section 1579, R. C. 1919, provides that a chattel mortgage shall be void unless it contains, over the mortgagor's signature, a receipt to the effect that a copy of the mortgage has been received by the mortgagor. This section provides for an act essential to

the making of the contract itself, and makes the contract void if that act is omitted. It was the effect of this provision that this court passed upon in Walklin v. Horswill, supra, and that decision does not apply to the instant case where the mortgage contains the receipt required by the statute.

The mortgagor is presumed to know what he signs, and the fact that a recipt for a copy of the mortgage stands above his signature is sufficient to inform him of his statutory rights. He has a right to demand the delivery of a copy as a condition to his delivery of the mortgage. He has no right to avoid his contract, legal in form, because he did not see fit to demand the copy for which he receipted, where, as in the instant case, no prejudice from the failure to deliver the copy is alleged.

Finding no error in the record, the judgment and order appealed from are affirmed.

POLLEY, SHERWOOD, BURCH, and BROWN, JJ., concur.

CAMPBELL, P. J., concurs in result.