WRIGHT, Respondent, v. HEIMSTRA, Appellant.

(218 N. W. 595.)

(File No. 5924. Opinion filed March 24, 1928.)

*T. J. Spangler* and *C. L. Morgan,* both of Mitchell, and *Dick Haney,* of Huron, for Appellant.

*Charles F. Tym,* of Paris, Ill., and *Lauritz Miller,* of Mitchell, for Respondent.

MISER, C. In January, 1920, plaintiff was the owner in active charge of the Wright meat market in Mitchell, S. D. Plaintiff's health failing, defendant took charge of the Wright market on February 1, 1920, at plaintiff's request, and operated it until

October 10, 1921. At that time, plaintiff returned to Mitchell, and resumed charge of the Wright market, and defendant assumed the management of the "Central market," which plaintiff and defendant then purchased as partners. Differences arising between the partners, the case at bar was begun in September, 1923. Plaintiff asked for an accounting of the affairs of the Central market, the appointment of a receiver, and a dissolution of the partnership. Appellant, in his answer and counterclaim thereto, alleged that the partnership was formed in January, 1920, instead of in October, 1921, and that the business of the Wright market was also a partnership asset, and that plaintiff should account for half of the profits thereof. After due hearing on plaintiff's application, a receiver was appointed for the Central market, and the order of appointment, within a few days, was amended, at appellant's request, to place the Wright market also in charge of a receiver.

Whether appellant was a partner in the Wright market from February 1, 1920, and therefore entitled to share in all its profits since that date, is the primary question of fact herein.

■ It was found by the trial court that the business of the Wright market was not included in the partnership; that all compensation for appellant's employment in the Wright market had been paid to him before suit; and that appellant had no interest therein nor right to have a receiver appointed therefor. On this point the evidence was conflicting. There was ample evidence to support the finding, and no clear preponderance against it; and therefore it should not be disturbed on appeal. Bates v. Smith, 48 S. D. 602, 205 N. W. 661.

■ The trial court also found that, from October 10, 1921, until the receiver took charge of the Central market, the profits of the partnership therein amounted to $22,035, of which appellant had received $19,535, being $8,517.50 more than his share; that there was due from appellant to respondent said sum of $8,517.50, together with $664.13 interest, together with the further sum of $1,075, being half of the expense of the Wright market receivership, or a total sum of $10,256.63; that the balance of the partnership assets in the hands of the receiver of the Central market, after paying the expenses of that receivership, was $5,300.18, which the receiver was ordered to pay to respondent, and respondent was given judgment against appellant for the unpaid balance of $4,956.45.

The bookkeeping system, or lack of system, of this partnership made accurate accounting difficult. The trial court did not have the assistance of well-kept books of account, nor did appellant supplement the manifold deficiencies of his accounting system with a frank disclosure of the hidden assets of the partnership in the Central market. The trial of the case was had on April 22, 1924, although a decision was not made until November 8, 1924. At the trial, appellant made no disclosure of two certificates of deposit of $2,000 each, issued by the Western National Bank to the Central market. Not until August 30, 1924, did appellant, pursuant to an order of court to appear for further examination, disclose to the trial court that, after the accounting action had been begun, he had indorsed said certificates of deposit, and delivered them to one Wheeler in payment of a car costing $1,800 and in satisfaction of a prior indebtedness of approximately $600, nor did he then disclose what was done with the remaining $1,600. Inasmuch as appellant managed the Central market and kept the books thereof, while respondent apparently gave all the attention which his physical condition permitted to the Wright market, it would be surprising, in view of the handicaps placed in the way of the court, if an accurate accounting had been obtained. Respondent contends—and his contentions are not without support in the evidence—that, even if appellant be given credit for all doubtful items, the judgment allowed by the trial court is $924.36 less than the evidence justified. At best, the evidence of the amount due was conflicting; there was ample evidence to support the finding of at least as much as the trial court found to be due, no clear preponderance of evidence against it, no error of which appellant can complain, and such finding will not be disturbed on appeal.

The judgment appealed from recited that the defendant had wrongfully and contemptuously appropriated $5,500 of the assets of the partnership after the appointment of the receiver. This sum was made up of the two certificates of deposit heretofore mentioned, and the sum of $1,500 withdrawn by appellant from the checking account of the Central market, after the receiver had qualified and demanded possession. The defendant was, by said judgment, ordered to pay said sum of $5,500 to the receiver, to be by him applied as directed by the court. Inasmuch as the amount

found due to respondent was $4,956.45, no useful purpose would be served in having a greater amount paid to the receiver than is due to respondent; therefore the judgment should be so modified.

The judgment also gives to respondent a lien and special execution upon *"the fixtures and equipment in defendant's meat market at number 319 North Main street, in Mitchell, S. D., and the delivery truck used by defendant at said meat market."* We are of the opinion that there is no sufficient evidence to justify such a lien, and no facts found to support a judgment giving such special execution. The words above quoted and italicized should be stricken from the judgment.

Appellant also contends that the court erred in making the order of June 14, 1924, wherein the Wright market was ordered restored to respondent and the receiver directed to sell the Central market, which order was made before the filing of findings of fact upon the merits or rendition of judgment thereon. In view of the fact that a hearing on the merits was held in April, and the findings and judgment as made in November were in harmony with the order of June 14th, no prejudice resulted to appellant by reason of the order of June 14th of which appellant can complain.

Respondent, Otto Wright, having died since this appeal was taken, and Gertie Wright, executrix of the estate of Otto Wright, deceased, having by stipulation of the parties and by order of this court been substituted as respondent, judgment should be in accordance therewith.

The cause is remanded, with instructions to the trial court to modify its judgment in harmony with this opinion; and, as so modified, the judgment and order appealed from are affirmed. Let no costs be taxed in favor of either party.

BURCH, P. J., and POLLEY, SHERWOOD, CAMPBELL, and BROWN, JJ., concur.