LAWSON, et al, Respondents, v. PETERSON, Appellant.

(220 N. W. 143.)

(File No. 6322. Opinion filed June 30, 1928.)

*A. B. Carlson,* of Canton, for Appellant.
*Thos. McInerny,* of Elk Point, for Respondents.

BROWN, J. Defendant appeals from a judgment of foreclosure of a real estate mortgage and adjudging a deficiency against him if the mortgaged premises do not sell for sufficient to pay the mortgage debt and costs. He admits that he executed the note and mortgage, but alleges that he did so at the solicitation of plaintiff, to enable plaintiff to carry through a sale of the land to defendant's brother, A. W. Peterson, who was a resident of Iowa. He says that Peter A. Lawson, herein referred to as "plaintiff," was endeavoring to sell this land to A. W. Peterson, who was unable to finance the deal unless he could procure a Rural Credit loan from the state of South Dakota, to make part of the cash payment required, and give plaintiff a second mortgage for the balance of the purchase price; that A. W. Peterson, being a nonresident of South Dakota, was not eligible to procure such a loan, and plaintiff then suggested that the land be deeded to defendant, who resided in South Dakota and could procure such a loan and execute the note and mortgage for the balance of the purchase money; that, if this were done, plaintiff would look to A. W. Peterson alone for payment, and that defendant would not be liable

personally on the note and mortgage to plaintiff; that this arrangement was carried out; and that interest on the note and some payments on the principal had been made by A. W. Peterson, while defendant had never been asked for any payment. Plaintiff testified that he had talked to A. W. Peterson about selling him this land, but that it was A. W. Peterson and not he who suggested the manner of financing and who procured defendant to get the Rural Credit loan and make the note and mortgage to plaintiff for the balance of the purchase money; that plaintiff believed he was selling the land to defendant, and gave the deed to him.

One of the findings of the trial court is that defendant was the actual purchaser of the premises, and that the title was not taken in his name merely for the purpose of securing a Rural Credit loan for the use and benefit of A. W. Peterson, or, if there was such an agreement between defendant and A. W. Peterson, plaintiff did not consent thereto, and that there was no agreement or understanding that the note and mortgage should not be a personal liability of defendant, and that defendant did not execute the note and mortgage under a promise from plaintiff that he would not hold him personally liable for the payment of the note and mortgage.

We cannot say that the clear preponderance of evidence is against this finding, and the judgment of the trial court is affirmed. Citizens' State Bank v. Christiansen (S. D.) 217 N. W. 203; Kreider v. Yarosh (S. D.) 217 N. W. 640; Kampeska Materials Co. v. Bone (S. D.) 219 N. W. 244.

BURCH, P. J., and POLLEY, SHERWOOD, and CAMPBELL, JJ., concur.