FOGLESONG, et al, Appellants, v. FARMERS' STATE BANK OF BRENTFORD, Respondent.

(223 N. W. 49.)

(File No. 6027. Opinion filed January 15, 1929.)

W. F. *Bruell* and R. M. *Henderson,* both of Redfield, for Appellants.

*Sterling, Clark & Grigsby,* of Redfield, for Respondent.

BROWN, J.   Plaintiffs sue to recover from defendant the value of one Panhard truck, one John Deere plow, and two sets of extra plowshares, and one 500-gallon gas tank, upon which plaintiffs allege they had a first mortgage.   E. S. Ross was the owner of these chattels, and on March 14, 1919, gave the defendant a mortgage on the tractor, plows, and tank, which on April 4, 1919, was filed in Hand county, where the property was kept.   On October 16, 1919, Ross bought from plaintiffs the Panhard truck, and in payment therefor gave plaintiffs two notes of $900 each, one due December 1, 1920, and one due December 1, 1921, and as security therefor gave a mortgage on the truck and other agricultural machinery.   This mortgage was filed on October 23, 1920.   On April 3, 1922, defendant made an affidavit of renewal of its mortgage, but this was not filed until April 8th.   On January 28, 1922, plaintiffs, with actual knowledge of the existence of defendant's mortgage, took from Ross another mortgage as additional security for its two notes of $900 each, covering the tractor, plows, and 500-gallon gas tank included in defendant's mortgage.   In February, 1921, Ross gave plaintiffs a real estate mortgage to secure the two $900 notes, in consideration of which Ross testifies plaintiffs agreed to release the mortgage on the machinery, being the mortgage dated October 16, 1919, and which included the Panhard truck.   Thereafter Ross gave defendant a bill of sale of the truck, and at that time he told the bank officers that it was his understanding, when he gave plaintiffs the real estate mortgage, that their mortgage on the truck was to be released.   Defendant took the bill of sale under

an agreement to sell the truck and apply the proceeds on Ross' debt to it. In November, 1922, defendant took the tractor, plows, and gas tank described in its mortgage and sold them at foreclosure sale at Rockham in Faulk county, that being the place for sale designated in the mortgage. At the time of publication of the notice of foreclosure sale, neither the mortgage nor a certified copy thereof had been filed in Faulk county, but on November 17th, the day before the sale, a certified copy was filed. At the time of the trial defendant had not yet sold the truck, but was holding it as security for Ross' debt. After applying the proceeds of the mortgage foreclosure sale of the tractor, plows, and tank, on Ross' debt, he still owed defendant a balance of $3,277.60.

The court found that defendant's mortgage on the tractor, plows, and tank was a lien superior to any lien of the plaintiff thereon, and that defendant's sale and foreclosure was not a conversion, and also that plaintiffs had released their lien upon the Panhard truck and that defendant took the same free from any lien of plaintiffs, under the bill of sale made to it by Ross, and entered judgment dismissing the action on the merits, and from this judgment and an order denying a new trial, plaintiffs appeal.

■ Plaintiff's mortgage, having been taken after defendant's was on file and before the expiration of three years from such filing, did not take priority over defendant's mortgage. Guaranty State Bank v. Lawrence (S. D.) 211 N. W. 801.

■ The sale at Rockham in Faulk county being authorized by the terms of the mortgage, and a certified copy of the mortgage having been filed in Faulk county before the sale took place, we hold that the sale was not invalid by reason of the notice of sale having been published before the certified copy was filed.

■ In regard to the Panhard truck, there is evidence to support the court's finding that there was an agreement between Ross and plaintiffs that plaintiffs' mortgage covering it should be released, and, as we are not able to say that the preponderance of the evidence is against that finding, it should not be disturbed. Wright v. Heimstra (S. D.) 218 N. W. 595; Kampeska Materials Co. v. Bone (S. D.) 219 N. W. 244.

The judgment and order appealed from are affirmed.

SHERWOOD, P. J., and POLLEY, CAMPBELL, and BURCH, JJ., concur.