SMITH, Superintendent of Banks, Appellant, v. GASPER, Respondent.

(230 N. W. 20.)

(File No. 6850. Opinion filed March 31, 1930.)

*T. B. Thorson,* of Pierre, and *Wallace E. Purdy,* of Brookings, for Appellant.

*Law, Dobie & Law,* of Clear Lake, for Respondent.

MISER, C. On February 25, 1927, in collecting the debts due the insolvent Estelline State Bank, appellant sold on foreclosure that part of the mortgaged property which was surrendered by Theodore Gasper, mortgagor. On March 1, 1927, appellant sued for possession of fourteen head of cattle and three hogs alleged to be covered by said mortgage and withheld by the mortgagor. Appellant seized in claim and delivery, and sold this additional property. Birdie Gasper, daughter of defendant, intervened, claiming to be the owner of the live stock so seized and sold. Judgment was entered in favor of intervener for the value of the property. From this judgment and the order denying motion for a new trial plaintiff appeals.

This judgment was based on findings that the live stock so seized and sold was, "at the time of the commencement of this action and at the time of the seizure and sale thereof, * * * the sole property of Birdie M. Gasper * * * and that said stock has never been described in or included in or covered by the * * * chattel mortgage of * * * Theodore J. Gasper to the * * * Estelline State Bank, and that said stock was * * * wrongfully sold by plaintiff * * *. That the property covered by said chattel mortgage was entirely disposed of and the proceeds thereof applied upon the indebtedness of the defendant Theodore Gasper to * * * (the) bank prior to the commencement of the * * * (claim and delivery) action."

 Appellant points out many instances wherein the testimony by and on behalf of respondent was irreconcilable with other parts of such testimony. Even so, we are not to assume that this was less apparent to the trial court than to this court. The facts may be ascertained even from witnesses whose lips are soiled with needless perjury. The maxim "Falsus in uno, falsus in omnibus," is not an imperative rule as a matter of law. Macchia v. Marsigliano, 126 Misc. Rep. 342, 215 N. Y. S. 170. We cannot assume that the learned trial judge gave unwarranted weight to testimony of doubtful credibility.

 The facts disclose that, in 1912, respondent was given a registered Hereford calf, described in the certificate of entry thereof as "the cow named Mamie." The registry certificate showing the transfer to respondent was introduced in evidence. Some years later this cow was sold by respondent. It was the testimony of respondent, her mother, and her father that thirteen head of the cattle sold at the second foreclosure sale were owned by respondent, and were part of the increase of the cow "Mamie," and that the other heifer so sold was bought by respondent in 1925 from a Mrs. Nelson. An uncle testified that respondent's grandfather had given to her this registered cow, that there had been increase from it, and that it was generally understood that respondent owned some cattle on the farm. A former neighbor testified that, in 1919, when he lived just across the road from the Gasper farm, respondent owned and kept on the farm two red white-faced cows, one heifer and one white-faced calf. The president of the bank testified that he had knowledge that this registered heifer had been given to Birdie Gasper, but did not know what had been done with its increase, if any. The testimony as to the hogs claimed by respondent, if believed, is amply sufficient to support her claim of ownership thereto.

The foregoing summarizes the positive testimony which, if credible, supports respondent's contention that she was the owner of the property seized by appellant in claim and delivery. In addition thereto, there was considerable testimony tending to account for the missing live stock through private sales and payment of proceeds to the mortgagee bank and by other disposals with the consent of the bank. Appellant makes the same criticism of the credibility of this testimony as of that more direct evidence of ownership heretofore considered.

In their respective briefs, each party to this appeal contends that his adversary can recover only on the strength of his own title, which he has the burden of proving. Wherever the burden of proof may lie in this case, the trial court found, not only that the intervener respondent was the sole owner of the property seized, but also that the property covered by the mortgage had all been sold, either at foreclosure or private sale, before appellant began his action in claim and delivery, and that appellant was not entitled, under his mortgage, to the property sold at the second sale.

Having regard for the trial court's superior opportunity to fairly weigh the evidence, we cannot say that the clear preponderance of evidence is against these findings, and the judgment and order of the trial court are affirmed. Kreider v. Yarosh, 52 S. D. 380, 217 N. W. 640; Lawson v. Peterson, 53 S. D. 76, 220 N. W. 143.

BROWN, P. J., and POLLEY, SHERWOOD, CAMPBELL, and BURCH, JJ., concur.