J. I. CASE THRESHING MACHINE CO., Appellant, v. GOLDBERG, et al, Respondents.

(239 N. W. 745.)

(File No. 7122.   Opinion filed December 19, 1931.)

*Case & Case,* of Watertown, for Appellant.
*A. A. Brown,* of Mobridge, for Respondents.

WARREN, J.  The plaintiff, the mortgagee of a certain purported chattel mortgage given by the defendant Goldberg, brought

an action in conversion to recover for grain claimed to be converted by the defendants.

The defendant Goldberg, being indebted to the plaintiff, executed a certain purported chattel mortgage covering certain crops to be grown during the year 1927 in Walworth county, S. D. The chattel mortgage was signed on the 26th day of October, 1926, by the defendant Goldberg in the presence of F. S. Dunseth, but was not signed in the presence of any other witness, nor was it acknowledged. No other witness being available, Dunseth, the agent for the plaintiff company, took with him the notes and chattel mortgage. On the 29th day of October, 1926, one B. E. Dunseth, the wife of F. S. Dunseth, signed said chattel mortgage as a witness, but was not present and did not see the said mortgagor sign said mortgage, nor did the mortgagor acknowledge to her that he had signed it. After both of said witnesses had signed said mortgage, the original was mailed to the register of deeds of Walworth county, S. D., who filed it on said date. Some time later, and on November, 20, 1926, said Goldberg executed another chattel mortgage covering the same property in favor of the Glenham State Bank, which mortgage was filed with the register of deeds on the 22d day of November, 1926. On November 19, 1926, defendant Goldberg executed another chattel mortgage to the Security National Bank which was filed with the register of deeds on November 27, 1926; said chattel mortgage covering the same security as described in plaintiff's chattel mortgage.

During the fall of 1927 the defendant Goldberg sold and delivered to the Glenham Equity Exchange certain wheat raised upon the premises described in all three mortgages.

Plaintiff and certain defendants moved for directed verdicts, whereupon the issues were submitted to the court. Findings, conclusions, and judgment were made in favor of the defendants except against the maker of the mortgage, Goldberg. Judgment was entered against him for the amount of indebtedness owing to the plaintiff.

During the trial, the plaintiff moved to amend its complaint so as to insert the crop year covered by the mortgage in the attached copy of the chattel mortgage, which the court permitted. The defendants moved to amend their respective answers, which the court

permitted, and, under the record as presented to this court, it would appear that the court did not commit error in permitting the defendants to amend their answers, challenging the proper execution of the plaintiff's mortgage. It appears that plaintiff's mortgage was filed with the names of two witnesses appearing thereon prior to the filing of the defendants' mortgages and also prior to the purchase of the grain by the Glenham Equity Exchange.

The court found that the grain was purchased in good faith for a valuable consideration and without notice of any kind or character of any claim or lien on behalf of plaintiff, and that Goldberg paid the proceeds over to the Glenham State Bank and the Security National Bank, the price paid for said grain; and the court found further that neither the Glenham Equity Exchange nor the Glenham State Bank nor the Security National Bank knew that the plaintiff had and claimed to have any lien of any kind or character upon the crop grown during the year 1927 by the defendant Goldberg upon any of the land described in said chattel mortgage.

■ The plaintiff contends, because the mortgage was valid between plaintiff and defendant even without witnesses, that the witnessing of the mortgage was required only for the purpose of entitling it to be filed of record, and, it being so filed and being regular upon its face, it imparted constructive notice thereof to defendants. Certain testimony was introduced by way of admission of the defendants that they took the weekly report of the register of deeds of all mortgages filed and for the purpose of keeping posted as to the mortgages that were filed, but none of them admitted that they had any actual knowledge of the plaintiff's mortgage, nor is there any testimony in the record which can be construed to impart actual knowledge of the plaintiff's mortgage to the defendants; and the court was fully justified from all the evidence in making its findings that the defendants except Goldberg had no actual knowledge of the existence of plaintiff's mortgage.

"It is settled law in this state that the findings of the trial court are presumptively correct, and will not be disturbed on appeal unless it appears from the record that there is a clear preponderance of the evidence against them." Steensland v. Noel, 28 S. D. 522, 134 N. W. 207, 210; First National Bank v. Taylor et al.,

44 S. D. 508, 184 N. W. 244; Wright v. Heimstra, 52 S. D. 453, 218 N. W. 595; Citizens' State Bank of Trosky v. Christiansen, 52 S. D. 183, 217 N. W. 203.

The imparting of constructive notice of plaintiff's chattel mortgage depends on the construction of our statutes regarding the execution and filing of chattel mortgages. Section 1577, South Dakota Revised Code 1919, provides as amended by chapter 288, Laws 1921, as follows: "A mortgage of personal property must be signed by the mortgagor in the presence of two persons, who must sign as witnesses thereto or it may be acknowledged before some officer qualified by the laws of the State of South Dakota to take acknowledgments, and in either case no further proof is required to admit it to be filed."

Section 1583, South Dakota Revised Code 1919, provides as follows: "A mortgage of personal property is void as against creditors of the mortgagor, and subsequent purchasers and incumbrancers of the property in good faith for value, unless the original, or an authenticated copy thereof, be filed by depositing the same in the office of the register of deeds of the county where the property mortgaged, or any part thereof, is at such time situated."

Appellate courts of other states have reached different conclusions as to notice imputed by filing of chattel mortgages not executed in strict compliance with the statute, under statutes containing almost the identical language used in the foregoing sections of our statutes.

The Supreme Court of Oklahoma, construing their statute relating to witnesses, which is similar to ours, in the case of Ray v. Southern Trading Co., 29 Okl. 242, 116 P. 810, said: "Under Wilson's Rev. & Ann. Stats. of Okl. 1903, § 3583, a chattel mortgage must be executed 'in the presence of two persons, who must sign the same as witnesses thereto,' in order to entitle it to be filed for the purpose of giving constructive notice of its existence; and such mortgage when executed in the presence of but one subscribing witness is void as against creditors of the mortgagor, although the same be deposited with the register of deeds of the proper county for the purpose of being filed."

The North Dakota Supreme Court, in the case of Donovan v. St. Anthony & D. Elevator Co., 8 N. D. 585, 80 N. W. 772, 774,

46 L. R. A. 721, 73 Am. St. Rep. 779, under a statute similar to ours, and in which the North Dakota Supreme Court considered our statute pertaining to the execution of a mortgage of personal property, summed up by saying: "The mortgage in question has then but one witness. The statute requires two, to admit it to filing, and there are no exceptions. The mortgage was not entitled to be filed, and the fact that it was filed did not operate to give constructive notice of its existence."

We have carefully examined all of the assignments of error, reviewed the evidence, and find no prejudicial error in the rulings of the court. We find there is substantial evidence to support the findings, and the findings support the conclusions and the judgment.

The order and judgment appealed from are therefore affirmed.

POLLEY, P. J., and CAMPBELL, ROBERTS, and RUDOLPH, JJ., concur.