NIELSEN et ux., Appellants v. HOKENSTEAD et al., Respondents

(137 N.W.2d 880)

(File No. 10200. Opinion filed November 15, 1965)

**John E. Burke** and **Richard Hopewell,** Sioux Falls, for appellants.

**George O. Johnson** of **May, Boe & Johnson,** Sioux Falls, for respondents.

PER CURIAM. This is an action for specific performance by plaintiffs as vendors against the defendants as members of the board of education of an independent school district as vendee. The action seeks to compel the district to take title to a tract of land of about 20 acres and pay the plaintiffs as the consideration therefor the sum of $20,000. Judgment dismissing the complaint was entered in the court below and plaintiffs appeal.

The relevant facts are that on January 17, 1963, plaintiffs granted the school district an exclusive option until July 1, 1963, to purchase the subject property. On June 26, 1963, the option was extended to August 1, 1963. The option provided that notice of election to purchase shall be in writing and given to the optioners at Brandon, South Dakota, on or before the expiration date. At a special meeting held on July 22, 1963, the school district by a vote of 3 for and 2 against passed the following resolution:

"BE IT RESOLVED, that it is for the benefit and best interests and is required that Brandon Valley Independent School District No. 150, Brandon, South·Dakota, acquire real property in Brandon, South Dakota, for school purposes and that the School District, through its duly authorized officers **contract with** Elbert Nielsen and Alice Nielsen, husband and wife, of Brandon, South Dakota, to purchase twenty (20) acres of unimproved real property located in:

"The Southeast Quarter of the Northwest Quarter of Section 34, Township 102 North, Range 48 West of the 5th P.M., Minnehaha County, South Dakota

for a price of One Thousand Dollars ($1,000) per acre or a total price of Twenty Thousand Dollars ($20,000) to be payable in cash upon the vendors' conveying by good and sufficient Warranty Deed supported by abstract of title and conditioned upon the vendors' being permitted to retain the 1963 crop now growing upon the property above described."

On July 24, 1963, the superintendent of schools on a school district letterhead directed a letter to the plaintiff, Elbert Nielsen, copied the foregoing resolution verbatim, signed such letter and transmitted it to said plaintiff. Thereafter plaintiffs caused the acreage to be surveyed and platted; procured an abstract of title thereto; executed a warranty deed; and on several occasions including at the time of trial tendered such deed and abstract to the defendants who refused delivery.

■ We dispose of this appeal by holding that no contract for the sale of the property in question existed between plaintiffs and the school district. This disposition does not suggest that specific performance would have been proper had it been found that a contract existed. "The right to specific performance is founded in equity and a decree for such relief is given instead of damages when by this means a court can do more perfect and complete justice." Bates·v. Smith, 48 S.D. 602, 205 N.W. 661.

SDC 1960 Supp. 15.2102 and 15.2301 as amended give the school board of an independent school district the exclusive authority and power to purchase the necessary real property for the operation of its schools. SDC 1960 Supp. 15.2234 provides: "No contract shall be binding on any school district except it be approved by the school board acting as such, at an annual, regular, or regularly called special meeting."

■ ■ The option was not a contract of the district and imposed no obligation on the defendants or on the school district. The resolution of the board passed on July 22nd did not purport to be an acceptance of the option, but only expressed the then intention of the board "through its duly authorized officers" to contract to purchase a part of the property described in the resolution. It contemplated that details of the intended purchase be embodied in a written contract between the plaintiffs and the district acting through its officers. The statute required board approval of the contract at a proper meeting before it would be binding upon the school district. Such a contract was never prepared, executed or presented to the board and no obligation devolved upon the defendants to accept title to this property and pay the sum requested. There is no contract or agreement which could be specifically enforced. Whatever motivated the board in abandoning its intention to purchase plaintiffs' property is of no consequence. However, it does appear from the record that the district was without funds to pay for the land and expected to sell some property to a church and use the money to be realized for this purpose. Disagreement within the district on the site of proposed new construction is also apparent. Plaintiffs were cognizant of the situation. Their expenditure of time, effort and money in anticipation of a contemplated sale, though well intentioned, did not create an enforceable contract. Much of what we said in the recent case of Schull Construction Co. v. Board of Regents of Education, 79 S.D. 487, 113 N.W.2d 663, 3 A.L.R.3rd 857, which involved a public building contract to be let on advertised bids, is here applicable.

Affirmed.